CITIZENS LEAGUE FOR CIVIL RIGHTS, INC., a Wisconsin Corporation, and Burt Wolf, Thomas R. Skrentny, Warren Vanetten and Joyce Vanetten, his wife, and Richard Greiner, Individually and as Directors of Citizens League for Civil Rights, Inc., Plaintiffs,

v.

Odric BAKER, Individually and as Chairman, Lac Courte Oreilles Tribal Governing Board, Pete Larson, Individually and as Vice-Chairman, Lac Courte Oreilles Tribal Governing Board, Margaret Diamond, Individually and as Secretary-Treasurer, Lac Courte Oreilles Tribal Governing Board, Charles Diamond, Individually and as a member, Lac Courte Oreilles Tribal Governing Board, Theresa Williams, Individually and as a member, Lac Courte Oreilles Tribal Governing Board, Rick St. Germaine, Individually and as a member, Lac Courte Oreilles Tribal Governing Board, and their agents, employes and subordinates, Defendants.

No. 76–C–376.

United States District Court,
W. D. Wisconsin.

Sept. 20, 1978.

M. Scott Cisney and Richard E. Sommer, Korth, Rood, Sommer & Mouw, S.C., Rhinelander, Wis., for plaintiffs.

Larry B. Leventhal, Minneapolis, Minn., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is an action for declaratory, injunctive, and monetary relief in which the subject matter is virtually, but not wholly, identical to the subject matter of *State of Wisconsin v. Baker et al.*, 464 F.Supp. 1377 (W.D.Wis.). According to the complaint, plaintiffs include: a Wisconsin corporation whose membership is primarily composed of "the owners of private real estate on and around Lac Courte Indian Reservation," who are nonmembers of the Lac Courte Oreilles Band; an operator of a campsite on Lac Courte Oreilles, an owner of a resort on Chief Lake, and the owners of resorts and campgrounds on Lac Courte Oreilles, all of whom are nonmembers of the Band. Defendants are alleged to be the officers and members of the governing board of the Band. Plaintiffs' grievance is directed to the action of the defendants in promulgating and enforcing a tribal "Court Code" and a tribal "Conservation Code," insofar as the defendants are preventing and threatening to prevent the plaintiffs and the patrons of their campsites and resorts, unless they first obtain licenses from the Band for a fee, from fishing and hunting on the navigable waters within and around the exterior boundaries of the reservation and from exercising the rights of riparian owners.

Jurisdiction is asserted to arise under 28 U.S.C. § 1343, 28 U.S.C. § 2201, 25 U.S.C. § 1302, the Northwest Ordinance of 1787, the Wisconsin Constitution, and the United States Constitution.

Plaintiffs contend that the actions of the defendants: violate the equal protection clause because they are discriminating invidiously on the basis of race, in violation of 42 U.S.C. §§ 1983 through 1985; violate the due process and equal protection of the laws guaranteed by the Constitution of the United States in that the federal Constitutional guarantee of separation of powers is violated by the provision of the tribal Court Code for appeals from the tribal court only to the tribal governing board which is a political body, in that nonmembers of the Band are deprived of freedom to choose the judicial system to which they are to be subjected

and are deprived of a voice in the choice of the persons who comprise the tribal court, and in that nonmembers of the Band are deprived of trial by a jury of their peers. Reference is also made in the complaint to a deprivation of plaintiffs' right to "life, liberty and the pursuit of happiness" and a deprivation of "the rights, privileges and immunities secured to said nonmembers of the [Band] by the United States Constitution and the laws thereunder. . . ."

In their briefs, plaintiffs also associate themselves with the contentions made by the State of Wisconsin in *State v. Baker,* 464 F.Supp. 1377.

Defendants have served and filed an amended motion to dismiss on the following grounds: (1) there is no actual controversy between the parties to this action; (2) plaintiffs have failed to join indispensable parties; (3) plaintiffs have failed to exhaust available remedies within the tribal court; (4) the legislative immunity of the defendants bars the action; and (5) that the complaint fails to state a claim upon which relief can be granted.[1]

■ For reasons explained in *State of Wisconsin v. Baker,* I find no merit in defendants' contention that there is no case or controversy as between the plaintiffs and them.

■ With respect to the defendants' contention that this action should be dismissed because of the absence of the Band and the United States as parties, I note that there is a distinction between the circumstances of these plaintiffs, on the one hand, and those of the State, on the other, bearing on the fourth factor embodied in Rule 19(b) of the Federal Rules of Civil Procedure (whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder). Nevertheless, on balance and for the reasons set forth in my opinion in *State of Wisconsin v. Baker,* I believe that this present action should not be dismissed either because of the absence of the Band or because of the absence of the United States.

■ Insofar as plaintiffs seek damages from the defendants because the defendants have promulgated the tribal Codes, as contrasted with having enforced them, the defense of legislative immunity is valid. In other respects, it is not.

■ As I have indicated, the complaint cites 25 U.S.C. § 1302, which is a part of the Indian Civil Rights Act of 1968. Exhaustion of tribal remedies is required under that Act before a federal district court may grant relief. Because the complaint fails to allege exhaustion of such remedies, it fails to state a claim under that Act.

■ The complaint does not, and cannot, allege that the defendants have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ." Therefore, it does not state a claim under 42 U.S.C. § 1983 or § 1984. Nor does it state a claim under §§ 1985(1) and (2), which relate to wholly different subject matter. However, construing the complaint most liberally to the plaintiffs, it must be held to state a claim under 42 U.S.C. § 1985(3). That is to say, if it should be determined that the defendants (and the Band) enjoy no authority to impose licensing requirements on nonmembers in order to fish in the lakes in question, the complaint sufficiently alleges that the defendants have conspired to deprive the plaintiffs of the equal protection of the laws. In this respect, 28 U.S.C. § 1343(1) provides a jurisdictional base.

## ORDER

It is ordered that:

certificate that he served three copies of the summons and complaint upon defendant Odric Baker. It is possible that there has been a failure to serve any defendant other than defendant Odric Baker. However, I will reserve a ruling on the separate motion by defendant Rick St. Germaine, and I will presently initiate no further inquiry into the adequacy of service of process on the other defendants.

---

1. Defendant Rick St. Germaine has served and filed a separate motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the ground that "there has been an insufficiency of process on himself." I assume that reference to Rule 12(b)(4) or possibly 12(b)(5) was intended, rather than 12(b)(1). The nature of the contention remains undeveloped in the supporting briefs. I note that the only record of service of process is a sheriff's

(1) Defendant's amended motion to dismiss is granted in part and denied in part.

(2) That part of the complaint which seeks damages from the defendants because they allegedly promulgated certain tribal Codes is dismissed on the ground that the defendants enjoy legislative immunity.

(3) Except insofar as it purports to state a claim against the defendants for having conspired to deprive the plaintiffs of the equal protection of the laws in violation of 42 U.S.C. § 1985(3), the complaint is dismissed for failure to state a claim upon which relief can be granted.

(4) There is incorporated by reference in this order all of the provisions set forth in paragraphs 5, 6, 7, and 8 of the order entered today in *State of Wisconsin v. Baker,* 464 F.Supp. 1377.