The STATE of Texas, Appellant,

v.

MONEX INTERNATIONAL, LIMITED, d/b/a Pacific Coast Coin Exchange, Appellee.

No. 4770.

Court of Civil Appeals of Texas, Eastland.

Aug. 29, 1975.

Rehearing Denied Oct. 10, 1975.

David W. Pace, Asst. Atty. Gen., Austin, for appellant.

Patrick E. Higginbotham, Coke & Coke, Dallas, for appellee.

McCLOUD, Chief Justice.

The State of Texas sued to enjoin Monex International, Ltd., d/b/a, Pacific Coast Coin Exchange from selling securities alleging that Pacific had not complied with the registration requirements of the Texas Securities Act. Tex.Rev.Civ.Stat.Ann. Article 581–1 through 581–39.

In a nonjury trial the court denied the injunction and concluded that Pacific does not sell securities within the meaning of the Texas Securities Act.

The State has appealed. We affirm.

Our disposition requires only a brief discussion of the facts.

Pacific deals primarily in "bags" of United States silver coins. Each bag consists of pre-1965 U.S. Coins (before clad coins, with non-silver centers, were introduced) having a face value of $1,000. A bag of coins contains approximately 720 troy ounces of silver. At the time of trial the silver content of a bag of coins was worth approximately $3,000. Pacific sells bags of coins either on a cash or margin credit basis. A cash purchaser paying the full purchase price may take immediate delivery. A margin purchaser is entitled to delivery upon payment of the balance of the purchase price plus accrued charges. Pacific's president testified approximately 90 percent of Pacific's customers purchase on a "margin account" basis. Customers purchasing on margin are required to make a deposit which is approximately 35 percent of the "base" or purchase price. The margin deposit is placed in Pacific's general account and used for the operation of the company. The court found that to cover or hedge its customer's margin purchases of silver coins Pacific purchased as its assets, either con-

tracts for future or forward delivery of silver coins, or bags of silver coins. The court further found that Pacific's widest variance from a flat position (100% hedge) has never exceeded 3 percent. A buyer on margin, with Pacific's consent, can sell his "coins" (as characterized by Pacific) or his "account balance" (as characterized by the State) back to Pacific at the then base price. The majority of Pacific's sales are liquidated without delivery of any coins. Pacific does not guarantee to repurchase a customer's "coins" or "account balance", but has always repurchased when requested.

The State contends Pacific's "margin account" investment plan constitutes an "investment contract" and is thus a security under the rule announced in *Securities and Exchange Commission v. W. J. Howey Co.*, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). We do not reach this point.

While the instant appeal was pending, Congress amended the Commodity Exchange Act, 7 U.S.C.A. §§ 1–17b, and enacted the Commodity Futures Trading Commission Act of 1974 which was approved October 23, 1974 and became effective April 21, 1975. P.L. 93–463, 88 Stat. 1389, 1 U.S.Code Cong. and Admin.News, p. 1589 (1974).

7 U.S.C.A. § 2 (April 1975 Supp. p. 2) now provides:

" . . . 'commodity' shall mean . . and all other goods and articles, except onions as provided in section 13–1 of this title, and all services, rights, and interests in which contracts for future delivery are presently or in the future dealt in: *Provided, That the Commission shall have exclusive jurisdiction with respect to . . . transactions subject to regulation by the Commission pursuant to section 15a of this title: And provided further, That, except as hereinabove provided,* nothing contained in this section shall (i) supersede or limit the jurisdiction at any time conferred on the Securities and Exchange Commission or other regula-

tory authorities under the laws of the United States or of any State, or (ii) restrict the Securities and Exchange Commission and such other authorities from carrying out their duties and responsibilities in accordance with such laws. Nothing in this section shall supersede or limit the jurisdiction conferred on courts of the United States or any State." (Emphasis added)

Section 15a provides:

"(a) No person shall offer to enter into, enter into, or confirm the execution of any transaction for the delivery of silver bullion, gold bullion, or *bulk silver coins* or bulk gold coins, *pursuant to a standardized contract commonly known to the trade as a margin account, margin contract, leverage account, or leverage contract* contrary to any rule, regulation, or order of the Commodity Futures Trading Commission designed to insure the financial solvency of the transaction or prevent manipulation or fraud." (Emphasis added)

Before the 1974 amendment 7 U.S.C.A. §§ 6b and 6c designated certain acts as unlawful. Section 6c also provided:

"Nothing in this section or section 6b of this title shall be construed to impair any State law applicable to any transaction enumerated or described in such sections."

The above quoted provision was deleted from the Commodity Futures Trading Commission Act of 1974. See 7 U.S.C.A. § 6c (February 1975, Supp. p. 1).

■ We think it is clear that the newly established Commodity Futures Trading Commission now has exclusive jurisdiction to regulate Pacific's margin account sales. *Hines v. Davidowitz*, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1940); *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (R 1946); See also: Conference Report—Commodity Futures Trading Commission Act of 1974, S.Rep.No.93–1194, 93rd Cong. 2nd Series 35–36, 3 U.S.Code Cong. and Admin.News, p. 5897.

The State argues that Section 412 of the Commodity Futures Trading Commission Act of 1974 expressly exempts from coverage under the Act all proceedings pending prior to enactment. We disagree.

Section 412 provides:

"Pending proceedings under existing law shall not be abated by reason of any provision of this Act but shall be disposed of pursuant to the applicable provisions of the Commodity Exchange Act, as amended, in effect prior to the effective date of the Act."

We hold that Section 412 pertains to matters pending under the Commodity Exchange Act before the 1974 amendment. Here, the State seeks to enjoin future conduct on the part of Pacific under the Texas Securities Act. Section 412 is not applicable.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.