MATERIAL SYSTEMS ENGINEERING, INC., an Indiana Corporation,

v.

SHELLEY PRODUCTS LIMITED.

No. IP 80–642–C.

United States District Court, S.D. Indiana, Indianapolis Division.

March 5, 1982.

---

Jon R. Pactor, and Seymour M. Bagal, Indianapolis, Ind., for plaintiff.

Lloyd H. Milliken, Jr., Indianapolis, Ind., for defendant.

## ORDER

STECKLER, District Judge.

This matter comes before the Court on the motion of the defendant to dismiss for lack of personal jurisdiction, or for transfer. Plaintiff has responded and moved to strike the affidavit of Clark Galehouse, defendant's president, submitted in support of the defendant's motion.

Jurisdiction in this action is predicated upon diversity of citizenship, 28 U.S.C. § 1332, plaintiff being an Indiana corporation and defendant being a New York corporation with its principal place of business in New York. The complaint alleges that plaintiff sold and delivered certain goods to the defendant on August 9, 1979, for which defendant owes plaintiff $34,331.93 plus interest. Other materials in the file disclose that the product plaintiff sold defendant was a material handling system for the manufacture of phonograph records. Although defendant has not answered as of this date due to the pendency of the instant motions, it has disclosed at least tentatively, its contentions pursuant to the pretrial order of Magistrate Godich. As related in those contentions, defendant maintains that after the initial down payment of $15,-000.00, the remaining balance was not paid

**6**

because the machine did not function and has never been placed in service.

Plaintiff has moved to strike the affidavit of Clark Galehouse, defendant's president, because it contends the affidavit contains unsupported opinions and conclusions of law. Although it is true that certain of the statements made in the affidavit are in the nature of opinions or conclusions, the entire affidavit need not be stricken. *See generally* 6 Moore, *Federal Practice* ¶ 56.-22[1], at 56–1317 (1976). Accordingly, plaintiff's motion to strike shall be denied.

In moving to dismiss for lack of *in personam* jurisdiction defendant contends that its contacts with the State of Indiana are insufficient to confer jurisdiction upon this Court. To be more specific, defendant through the Galehouse affidavit states that its only contacts with Indiana with regard to this action are one phone call and one letter transmitted into the state. Otherwise Galehouse has been to Indiana on behalf of defendant three or four times in the last five years on unrelated business. The defendant maintains no office, employees, telephone, real estate, personal property, inventory, or bank account here and does not advertise here.

Plaintiff cites certain discovery materials in support of its contention that the Court does have *in personam* jurisdiction over defendant. Plaintiff mentions two possible bases of personal jurisdiction in its argument: (1) the defendant's contacts with the state giving rise to this action and (2) the defendant's receipt of revenues from an Indiana customer, which in plaintiff's view, constitutes "doing business" in Indiana.

When *in personam* jurisdiction is challenged by a motion to dismiss, the burden is with the plaintiff to show the court a basis for the assertion of long-arm jurisdiction. *KVOS, Inc. v. Assoc. Press,* 299 U.S. 269, 278, 57 S.Ct. 197, 201, 81 L.Ed. 183 (1936); 2 Moore, *Federal Practice* ¶ 4.41–1[3], at 4–471 (2d ed. 1978). Where a motion to dismiss is filed, supported by affidavit, the nonmoving party may not rest upon allegations in his pleadings but his response by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction. *See Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784 (9th Cir.1977); *Weller v. Cromwell Oil Co., Inc.,* 504 F.2d 927, 929–30 (6th Cir.1974).

With regard to the first of the two possible bases of jurisdiction urged by plaintiff, that is, the defendant's contacts with this state giving rise to this litigation, the Court must examine the factual scenario derived from conflicting documents. Both parties agree that from his New York office defendant's president, Galehouse, placed a telephone call to plaintiff's president in Indiana to inquire about a material handling system to be used in defendant's New York plant. The Galehouse affidavit states that plaintiff's president went to defendant's New York offices to assess the needs of defendant and prepare sketches. In its brief, plaintiff alleges that defendant's president came to Indiana to inspect equipment at an R.C.A. plant in Indianapolis, a fact which defendant disputes. Both parties agree that plaintiff made a proposal to defendant and thereafter defendant sent by mail a purchase order for the proposed system. Plaintiff alleges that the contract was finalized in Indiana by plaintiff's "acceptance" thereof, although defendant points out that nothing evidenced plaintiff's acceptance. Thereafter, the system was delivered to defendant's New York facility and installed partially under supervision of an official of plaintiff. Defendant alleges that there were difficulties during installation which plaintiff's employees attempted to remedy through modifications. After several months of work, defendant avers that the system still did not function properly.

With regard to the second of the possible bases of *in personam* jurisdiction advanced by plaintiff, that is defendant's "doing business" in Indiana, plaintiff stresses the fact that 14% of defendant's sales in 1978 and 1979 were derived from orders originating at an R.C.A. facility in Indiana. These sales amounted to revenues of nearly one million dollars over the two years. However, concerning the R.C.A. transactions, the second Galehouse affidavit states:

"While the orders for the pressing of records originate at R.C.A.'s office in Indianapolis, the finished products, with rare exception are not shipped into Indiana. The bulk of the records are shipped to R.C.A.'s plant in Rockaway, New Jersey, where they are stored until further shipment to various localities on the East Coast."

Since this action involves service on a nonresident defendant pursuant to Fed.R. Civ.P. 4(d)(7) or 4(e) which provide that the forum state's service procedures may be used, the Court must examine Indiana T.R. 4.4., Indiana's longarm statute, to determine whether it has personal jurisdiction over the defendant. The rule provides in pertinent part that "[a]ny ... nonresident ... submits to the jurisdiction of the courts of this state as to any action arising from the ... (1) doing [of] any business in this state...." Courts have held that this section was intended to extend the *in personam* jurisdiction of Indiana courts and of federal courts sitting in Indiana to the limits permitted under the due process clause of the Fourteenth Amendment. *Nu-Way Systems of Indianapolis, Inc. v. Belmont Marketing, Inc.,* 635 F.2d 617, 619 (7th Cir. 1980); *Oddi v. Mariner-Denver, Inc.,* 461 F.Supp. 306, 308 (S.D.Ind.1978), quoted with apparent approval in *Suyemasa v. Myers,* 420 N.E.2d 1334, 1340–41 (Ind.App.1981).

■ In probing the boundaries of due process courts have held that when a cause of action arises from the defendant's contacts with the forum, less is required to support jurisdiction than when the cause of action is unrelated to those contacts. *Forsythe v. Overmyer,* 576 F.2d 779, 782 (9th Cir.1978); *Vencedor Mfg. Co., Inc. v. Gougler Industries,* 557 F.2d 886, 889 (1st Cir. 1977); *Tillay v. Idaho Power Co.,* 425 F.Supp. 376, 379 (E.D.Wash.1976). In fact, if plaintiff's injury does not arise out of an act done in the forum state, then other contacts between the defendant corporation and the state must be fairly extensive before the burden of defending a suit there may be imposed upon it without offending traditional notions of fair play and substan-

tial justice. *Ratliff v. Cooper Laboratories, Inc.,* 444 F.2d 745, 748 (4th Cir.), *cert. denied,* 404 U.S. 948, 92 S.Ct. 271, 30 L.Ed.2d 265 (1971); *see also Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977). When there is a minimum of contacts, and the cause of action does not arise out of the contacts, there will normally be no basis for jurisdiction. 2 Moore, *Federal Practice* ¶ 4.41–1[3], at 4–454 (2d ed. 1978). This is because *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny have established that a component of due process is that in addition to some minimum contact with the state, it must be fair and reasonable to require the defendant to come into the state and defend the action. *Id.,* at 4–450.

■ The Court finds that even if it accepts plaintiff's version of the facts out of which this action arose which plaintiff argues constitute one basis for personal jurisdiction, defendant's contacts with this state giving rise to this action do not alone amount to "minimum contacts" such that it would be fair to subject defendant to suit in Indiana. In reaching this finding the Court was aided by the case of *Galgay v. Bulletin Co., Inc.,* 504 F.2d 1062 (2d Cir.1974), a case quite similar factually to this case. In *Galgay,* the defendant, a Pennsylvania publishing company, contracted to purchase certain machinery from a New York manufacturer. All negotiations were conducted by telephone or at defendant's Pennsylvania office. The machinery was manufactured in New York, shipped to Pennsylvania and installed under plaintiff's supervision. Plaintiff signed a contract in New York and defendant accepted it in Pennsylvania. Then plaintiff sent an unsigned "formal" contract to defendant, who signed it in Pennsylvania and returned it to plaintiff, who then signed it in New York. Thereafter, defendant paid part of the purchase price and refused to pay the remainder because of alleged defects in the machine. An action for breach of contract was brought in the Southern District of New York. Service was made under Fed.R.

Civ.P. 4(e) on the Pennsylvania defendant. The district court granted defendant's motion to dismiss for lack of personal jurisdiction. The Second Circuit agreed with the lower court's ruling and affirmed.

■ The Court further finds, given the fact that records pressed by defendant for R.C.A. are not shipped into Indiana, that defendant's receipt of revenues from R.C.A. does not constitute "doing business" in Indiana nor create the kind of extensive contacts with this state which would be necessary in order for this Court to fairly subject the defendant to suit in this state.

■ With regard to defendant's alternative motion for transfer to the Eastern District of New York, pursuant to 28 U.S.C. § 1404, the Court has determined that it has the power to order such a transfer, despite the finding of a lack of personal jurisdiction over the defendant. *See, e.g., Marder v. Dembinski,* 498 F.Supp. 1323 (N.D.Ill.1980); *Brown v. Grimm,* 483 F.Supp. 40, 42 (N.D.Ill.1979), *aff'd* 624 F.2d 58 (7th Cir.1980). However, a transfer should be ordered "for the convenience of parties and witnesses, in the interest of justice...." In the case at bar plaintiff has resisted transfer and defendant has indicated that it would only desire transfer if the Court were to decide it has personal jurisdiction over the defendant. Therefore, the Court concludes that the motion for transfer should be denied because it would not serve the convenience of the parties, nor the interests of justice.

By reason of the foregoing, the Court hereby makes the following orders:

(1) Plaintiff's motion to strike the affidavit of Clark Galehouse is DENIED;

(2) Defendant's motion to dismiss for lack of personal jurisdiction is GRANTED;

(3) Defendant's alternative motion to transfer is DENIED.

IT IS SO ORDERED.