**W & W FARMS, INC. Plaintiff,**

v.

**CHARTERED SYSTEMS CORPORATION OF NEW YORK, LTD., Frank T. Genovese, Mark J. Bienstock, Robert E. Wild, Jane Doe No. I Through X, Individually, Jane Doe No. XI Through XX, Individually, Richard Roe No. XXI Through XXX, Individually, Mary Roe No. XXXI Through XL, Individually.**

No. S 81–254.

United States District Court,
N. D. Indiana,
South Bend Division.

June 28, 1982.

* * * * * *

Sidney L. Steele, Leslie E. Howell, Indianapolis, Ind., Douglas K. Dieterly, South Bend, Ind., for plaintiff.

MEMORANDUM AND ORDER

SHARP, Chief Judge.

Plaintiff brought this action alleging that defendant, Chartered Systems and its agents, violated the Commodity Exchange Act and rules and regulations promulgated thereto. Specifically, plaintiff contends that defendants, Chartered Systems, Wild and Biensteck, failed to furnish plaintiff with risk disclosure statements and disclosures required by 17 C.F.R. § 1.55 and 17 C.F.R. § 4.31; failed to inform plaintiff of all fees and other charges as required by 17 C.F.R. § 4.31(a)(4); and knowingly, wilfully and intentionally cheated and defrauded plaintiff in violation of the antifraud provision of the Commodity Exchange Act. Plaintiff also alleges various violations of common law including fraud, deceit, fraudulent misrepresentation, fraudulent concealment and nondisclosure, negligent misrepresentation breach of fiduciary duty and negligent training and supervision. Plaintiff also alleged various violations of Indiana statutes.

The defendants, Chartered Systems Corporation of New York, Ltd., and Frank T. Genovese, Jr., move to dismiss the entire complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) on the grounds that the Court lacks personal jurisdiction. The defendants also seek dismissal of Counts One through Four inclusive, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) on the grounds that there is no private right of action for an individual plaintiff under the Commodity Exchange Act. The defendants additionally seek dismissal of Count Twelve on the grounds that Congress has delegated exclusive jurisdiction over transactions in commodities to the Commodity Futures Trading Commission and has thereby preempted concurrent state regulation. In the alternative to the motions to dismiss, the defendants move the Court to stay this action pending decisions by the Supreme Court of the United States on the issue of whether an implied right of action exists under the Commodity Exchange Act. The parties have fully briefed the issues and the matter is ripe for ruling.

Defendants' first ground for dismissing this complaint is that the defendants lack the minimum contacts with the State of Indiana that are necessary for this Court to exercise personal jurisdiction over them under Indiana Trial Rule 4.4(A)(1). Chartered Systems is a corporation registered under the laws of the State of New York with executive offices at 5 Hanover Square, New York, New York. Chartered Systems maintains no place of business in the State of Indiana nor does it have any officers, agents or employees located within Indiana nor did any officer, employee or agent of Chartered Systems enter the State of Indiana to further the transactions which are the subject matter of this complaint. Further, all the commodity futures transactions were executed through the New York Office and all payments for the transactions were made at Charter Systems' New York Office. On the basis of the foregoing facts, defendants maintain they are not "doing any business" in Indiana within the meaning of Indiana Trial Rule 4.4(A)(1).

The requirement that "minimum contacts" exist between the defendant and the forum state in order for a state court to exercise personal jurisdiction over a nonresident defendant is a well settled principle of law. *World-Wide Volkswagen Corp. v. Woodsen,* 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The concept of minimum contacts protects the defendant against the burdens of litigating in a distant or inconvenient forum and insures that the states through their courts do not reach beyond the limits imposed on them by their status in the federal system. *World-Wide Volkswagen v. Woodsen, supra,* 444 U.S. at 291, 100 S.Ct. at 564. The defendants' contacts with the forum state must have been such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington, supra,* 326 U.S. at 316, 66 S.Ct. at 158, and the relationship between the defendant and the forum must be such that it is "reasonable . . . to require the corporation to defend the particular suit which is brought there." *World-Wide Volkswagen, supra,* 444 U.S. at 292, 100 S.Ct. at 564; *International Shoe, supra,* 326 U.S. at 317, 66 S.Ct. at 158. These limits imposed on state jurisdiction by the Due Process Clause insure not only fairness but also the orderly administration of the laws. 444 U.S. at 294, 100 S.Ct. at 55, 326 U.S. at 319, 66 S.Ct. at 159.

In Indiana, Trial Rule 4.4(A) of the Indiana Rules of Court provides the rule for determining whether a court may assert personal jurisdiction over an individual. Trial Rule 4.4(A) provides in part as follows:

(A) Acts serving as a basis for jurisdiction. Any person or organization that is a non-resident of this state, . . . submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

(1) doing any business in this state;
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

This rule permits the court to assume jurisdiction over nonresident defendants to the limits permitted by the due process clause of the Constitution of the United States. See, *e.g. Griese-Taylor Corp. v. Lemmons,* Ind.App., 424 N.E.2d 173 (1981). The party seeking to assert jurisdiction bears the burden of supporting the jurisdictional facts by competent proof so as to comport with due process. *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir. 1979).

One due process requirement is that the claim involved in plaintiff's complaint must have an appropriate nexus with the minimum contacts such that the nonresident defendant might reasonably anticipate being haled into the forum court. *World-Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567. A further proper inquiry is whether the nonresident defendant purposely availed himself of the privilege of conducting activities within the forum state, *Shaffer v. Heitner,* 433 U.S. 186, 216, 97 S.Ct. 2569, 2586, 53 L.Ed.2d 683 (1977), and whether the nonresident defendant has invoked by act or conduct the benefits and protection of the laws of the forum state. *Honeywell, Inc. v. Metz Apparatewerke,* 509 F.2d 1137, 1144 (7th Cir. 1975). The test for minimum contacts is a flexible one and the facts of each case on the issue of minimum contacts must be evaluated and the court should focus on the nature and quality of the contacts in determining whether minimum contacts exist which comport with due process. *Lakeside Bridge & Steel Co. v. Mountain State Construction Co., Inc.,* 597 F.2d 596 (7th Cir. 1979).

In the case presently before the Court, the Court finds that defendants have sufficient minimum contacts with the State of Indiana to permit this Court to exercise personal jurisdiction over these defendants in this action. The evidence reveals that defendants made several unsolicited telephone calls during 1980 to the plaintiff in Indiana to solicit business from plaintiff to buy, sell and trade in commodity future contracts on behalf of plaintiff through defendant Chartered Systems. The evidence further reveals that plaintiff received several unsolicited letters and brochures from defendants soliciting business from plaintiff and that on the basis of the representations made in the telephone calls, letters, and brochures, plaintiff transacted business with defendants by mailing a check drawn on an Indiana bank and wiring money to defendants on several occasions. The evidence also indicates that two contracts were executed by plaintiff in Indiana and delivered to defendants in New York via United States mail. Pursuant to the first contract defendant Chartered Systems contracted to supply its services to plaintiff by opening an account and pursuant to the second contract agreed to supply its services by controlling plaintiff's account. The actions of defendants discussed above are sufficient to provide a basis for this Court to exercise personal jurisdiction over these defendants. Accordingly, defendants' motion to dismiss the entire complaint should be denied.

The defendants also moved to dismiss Counts 1 through 4 on the grounds that there is no private right of action under the Commodity Exchange Act or in the alternative to stay this action pending a decision of the Supreme Court of the United States on this issue. On May 3, 1982, the Supreme Court held that there was an implied right of action under the Commodity Exchange Act. *Merril Lynch, Pierce, Fenner & Smith v. Curran,* —— U.S. ——, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982). Accordingly, defendants' motion to dismiss or in the alternative for a stay on this issue should be denied.

The defendants also moved to dismiss Count 12 on the grounds that the Commodity Exchange Act preempted concurrent state regulation and therefore that plaintiff may not rely on the Indiana statutes as a basis for recovery. The Commodity Exchange Act gave the Commodity Fu-

tures Trading Commission exclusive jurisdiction over all accounts and transactions in commodities. 7 U.S.C. § 2. However, the same provision granting exclusive jurisdiction also limits this jurisdiction by providing that "[n]othing in this section shall supersede or limit the jurisdiction conferred on courts of the United States or States." *Id.* It logically follows that the Act preempts private actions based on federal or state statutory schemes which contemplate agency regulation which would interfere with the Commodity Futures Trading Commission's jurisdiction. See, *Witzel v. Chartered Systems Corp. of New York, Ltd.,* 490 F.Supp. 343, 347 (D.Minn.1980). However, the sections of the Indiana Code forming the basis of plaintiff's claim in Count 12 envision no administrative agency involvement which might conflict with the jurisdiction of the Commodity Futures Trading Commission, and thus, it is not preempted and defendants' motion to dismiss Count 12 of the complaint should be denied.

Accordingly, the defendants' motion to dismiss is hereby DENIED in its entirety. SO ORDERED.