**L. Blaine CASTELUCCI, Louella Castelucci and Trans-America Corporation, Plaintiffs,**

**v.**

**ELECTROLUX CORPORATION, Subsidiary of Consolidated Foods Corporation and Electrolux of Canada, Ltd., Subsidiary of Consolidated Foods Corporation of Canada, Ltd., and All Other Manufacturers and Suppliers of a Certain Electrolux Vacuum Cleaner and Power Nozzle Causing Damage to the Home of L. Blaine Castelucci and Louella Castelucci, Defendants.**

**No. S 82–0010.**

United States District Court, N.D. Indiana, South Bend Division.

July 8, 1983.

Charles H. Grodnik, Richard E. Steinbronn, Elkhart, Ind., for plaintiffs.

Timothy W. Woods, South Bend, Ind., Alexander G. Wesman, Stamford, Conn., for defendants.

SHARP, Chief Judge.

This case involves a products liability claim for damages arising out of a house fire allegedly caused by a defective vacuum sweeper. Originally filed in the Elkhart Superior Court in Elkhart, Indiana, this case was removed to federal district court on January 15, 1982, by defendants Electro-

---

**2.** While petitioner has requested release, remand is the appropriate remedy. *Welsh,* 668

F.2d at 333.

lux Corporation and Electrolux of Canada, Ltd. Jurisdiction of this court is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter is presently before this court on a motion for summary judgment filed by the two Electrolux defendants.

The motion for summary judgment with supporting affidavits and memorandum, was filed on October 15, 1982. Since that time, plaintiff has requested and been granted three extensions of time in which to respond to the summary judgment motion. On the final extension granted, plaintiff was given to and including February 3, 1983, in which to file a response. To date, plaintiff has not filed a response to the motion for summary judgment.[1]

Federal Rule of Civil Procedure 56(e) states, in relevant part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In line therewith is the relevant language from F.R.Civ.P. 56(c):

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Bearing the above carefully in mind, this court turns now to an examination of the complaint.

Plaintiffs allege that on December 23, 1979, Louella Castelucci was using an Electrolux vacuum cleaner to clean the carpets of her home in Elkhart, Indiana. At some point, Mrs. Castelucci laid the wand portion of the cleaner, which included a power nozzle, on the floor and left the room. When she returned a few minutes later, the area immediately surrounding the cleaner was smoky and apparently engulfed in flames, causing extensive damage to the real and personal property of the plaintiffs-Castelucci as well as physical injuries to both individuals.

Trans-America Corporation, as insurer of the Casteluccis, paid them a sum of $61,009.23 and now seeks indemnification from the defendants. The Casteluccis, contending that the total property damage sustained was $95,000.00, seek an additional $33,990.77 as the difference between the coverage provided by their insurance and the actual loss. Further, the Casteluccis seek $50,000.00 as compensation for personal injuries sustained.

Before proceeding to an analysis of the facts of this case, this court finds it necessary to have all pertinent information before it. Accordingly, the court now *sua sponte* orders the publication of the depositions of L. Blaine Castelucci, Louella Castelucci, and Marvin A. Needler PhD., plaintiffs' expert.

A careful examination of the record, particularly the deposition of Marvin A. Needler, PhD., reveals that the fire *probably* originated in the vacuum sweeper. Assuming such to be the case, Dr. Needler concluded that the fault lay somewhere within the plastic "elbow" attached to the cloth

1. Part of the reason for the three requests for enlargement of time appears to be plaintiffs' dissatisfaction with the progress of discovery, particularly relating to the speed and thoroughness of defendants' compliance with motions to produce and interrogatories. However, on April 19, 1983, defendants filed their Amended Answers to Interrogatories Propounded to Defendants in compliance with the court's order of March 4, 1983, compelling them to answer fully plaintiffs' interrogatories. Because all affidavits, depositions, answers to interrogatories, etc., had been filed by April 19, 1983, and plaintiffs have since filed no further pleadings, this court must conclude that the motion for summary judgment has been ripe for ruling since at least April 19, 1983.

hose and into which the power wand was inserted. The uncontroverted affidavit of Robert C. Radtke, Manager of Quality Assurance for Electrolux Corporation, states that the item in question (indeed, the entire machine save a single wire) was manufactured by Electrolux of Canada, Ltd. The uncontroverted affidavit of Steven D. Cooper, Vice-President-Administration and Secretary of Electrolux Corporation, states that Electrolux of Canada, Ltd., manufactures and distributes its products solely in the province of Canada,[2] and lacks any contacts whatsoever with the forum state of Indiana. Thus, because the plaintiffs have yet to file anything contradicting the assertions made by the Electrolux defendants in their motion for summary judgment, this court must conclude that there exist no genuine issues of material fact. Accordingly, this court turns now to an examination of the relevant law.

It is axiomatic that a federal district court sitting in diversity jurisdiction must apply the substantive law of the forum state. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Since this case turns on a question of the extent of Indiana's long arm jurisdiction, the appropriate place to begin is at Ind. Code § 34–5–1–1, the Indiana Rules of Civil Procedure. Indiana Trial Rule 4.4 is the State's long arm statute, which reads, in pertinent part:

(A) Acts serving as a basis for jurisdiction. Any person or organization that is a nonresident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent.

\* \* \* \* \* \*

(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state[.]

As can be readily seen from the above, in order to assert *in personam* jurisdiction over the defendant Electrolux of Canada, Ltd., it is not enough that an act committed outside the State results in harm to someone inside the State; the actor must regularly do or solicit business, engage in a persistent course of conduct, or derive substantial revenue or benefit from the State of Indiana as well. This is in keeping with the principle enunciated by this court in *W & W Farms, Inc. v. Chartered Systems, Inc., Etc.,* 542 F.Supp. 56 (N.D.Ind.1982):

One due process requirement is that the claim involved in plaintiff's complaint must have an appropriate nexus with the minimum contacts such that the nonresident defendant might reasonably anticipate being haled into the forum court.

*Id.,* at 59, citing *World-Wide Volkswagen v. Wooden,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). *See also, generally, Nu-Way Systems of Indianapolis, Inc. v. Belmont Marketing, Inc.,* 635 F.2d 617, 619 (7th Cir.1980); *Material Systems Engineering v. Shelley Products,* 554 F.Supp. 4, 7 (S.D.Ind.1982); *Oddi v. Mariner-Denver, Inc.,* 461 F.Supp. 306, 308 (S.D.Ind.1978); *Suyemasa v. Myers,* Ind.App., 420 N.E.2d 1334, 1340–41 (1981).

A careful review of the uncontroverted facts in this case discloses the absence of any genuine issues of material fact. The likely source of the fire, the Electrolux vacuum cleaner, was virtually entirely manufactured in Canada by a Canadian corporation that does business almost exclusively in Canada. As *Kulko v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) and *World-Wide Volkswagen, supra,* make clear, the extremes to

---

**2.** Mr. Cooper's affidavit notwithstanding, the facts are that the Casteluccis purchased the vacuum cleaner in question in Anchorage, Alaska, and that defendants declared, at paragraph number 3 of their motion for summary judgment, that Electrolux of Canada, Ltd. does business in Alaska as well as Canada. It is therefore undisputed that Electrolux of Canada, Ltd., does business in at least one of our nation's fifty states.

which exercises of long-arm jurisdiction had been upheld in the past, e.g., *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), will no longer be tolerated. It would be unjust to hale a defendant, even a corporate defendant, into a forum where it had no reasonable expectation to be.

There is nothing in this record to demonstrate, for example, that Electrolux of Canada, Ltd., sells its wares through dealerships in the United States, or freely interchanges its goods and services with its American sister corporation, Electrolux Corporation. While it is arguable that because Electrolux of Canada, Ltd., does a limited business in Alaska, it therefore could reasonably expect some of its products to filter down to the "lower 48" states, such a position is far too tenuous to be seriously considered under the facts of this case.

Accordingly, the joint motion for summary judgment is hereby GRANTED in favor of the defendants Electrolux of Canada, Ltd., and the Electrolux Corporation. SO ORDERED.