Peter J. MALLEN, Plaintiff,

v.

MERRILL LYNCH FUTURES, INC., f/k/a Merrill Lynch Commodities, Inc., and Robert P. Spanos, Defendants.

Civ. A. No. C83–1786A.

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 11, 1985.

Gerald B. Kline and Gilbert H. Deitch, Bauer, Deitch & Raines, P.C., Atlanta, Ga., for plaintiff.

Paul W. Stivers, Rogers & Hardin, Atlanta, Ga., for defendants.

## ORDER

VINING, District Judge.

The plaintiff brought this action against Merrill Lynch Futures, Inc. ("Merrill Lynch"), a futures commission merchant, and its registered representative, Robert P. Spanos, alleging violations of the federal and state securities laws and common law

fraud, negligence, and breach of fiduciary duty. By order dated March 27, 1985, this court held that the stock index contracts traded by the defendant on the plaintiff's behalf were "commodities" and not "securities" and, consequently, dismissed the plaintiff's federal and state securities claims raised in Counts I, II, III, and IV. *See Mallen v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 605 F.Supp. 1105 (N.D. Ga.1985). Prior to the order, on March 25, 1985, the plaintiff moved to amend his complaint to include a claim under the Commodity Exchange Act. The court granted that motion on May 7, 1985.

In its order of March 27, 1985, the court directed the parties to submit legal memoranda on the issue of whether this court has jurisdiction over the plaintiff's remaining state claims of common law fraud, negligence, and breach of fiduciary duty raised in Counts V, VI, and VII of the complaint. The issue before the court is whether the application of federal commodities laws preempts the plaintiff's state common law claims by creating an exclusive remedy. In other words, when Congress granted exclusive regulatory jurisdiction to the CFTC, did it also create an exclusive federal remedy, thereby preempting state statutory and common law claims otherwise available to the defrauded investor?

 Federal regulation of a field of commerce should not be deemed preemptive of a state regulatory power unless either the nature of the regulation permits no other conclusion or Congress has made its intent to preempt state regulation unmistakably clear. *Florida Lime and Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963). A court cannot infer an intent to preempt merely from the comprehensive character of complex legislation. *New York State Department of Social Services v. Dublino,* 413 U.S. 405, 415, 93 S.Ct. 2507, 2513–14, 37 L.Ed.2d 688 (1973). It will not be presumed that a federal statute is intended to supersede the exercise of state power unless there is a clear manifestation of congressional intent. The exer-

cise of federal supremacy is not lightly to be presumed. *Schwartz v. Texas,* 344 U.S. 199, 202–03, 73 S.Ct. 232, 235, 97 L.Ed. 231 (1952).

This court divides its analysis into two parts. First, the court will examine the exclusiveness of the remedies provided in the 1974 Act. Second, the court will undertake an analysis of the 1982 Act to determine whether Congress intended the amendments to preclude common law remedies.

## I. THE 1974 ACT

In 1974, Congress extensively amended the Commodity Exchange Act (CEA) and created the Commodity Futures Trading Commission (CFTC). The 1974 Act also granted the CFTC "exclusive jurisdiction" over the regulation of commodities, thus preempting all would-be regulators at every level of government. *See* Johnson, *The Commodity Futures Trading Commission Act: Preemption as Public Policy,* 29 Vand.L.Rev. 1, 2 (1976).

While Congress granted the CFTC exclusive jurisdiction, it also provided a savings clause, which provided, "Nothing in this section shall supersede or limit the jurisdiction conferred on courts of the United States or any State." 7 U.S.C. § 2. The legislative history of the savings clause is sparse. *Johnson, supra,* at 32. Courts and commentators, however, who have conducted exhaustive research have concluded that state common law claims are not preempted by the CEA. *See, e.g., Patry v. Rosenthal & Co.,* 534 F.Supp. 545, 551 (D.Kan.1982) (citing commentators who have arrived at this conclusion).

 This court will follow the reasoning in *Patry:*

> After considering the statutory language and legislative history, the case law, and the scholarly commentary, the Court concludes that state common law claims such as are raised by the plaintiff in this case are not preempted by the CEA. While the federal scheme may be so pervasive as to preempt any action under

state regulatory statutes, the Court cannot find any evidence that Congress intended to go so far as to preempt state common law claims. In fact, the legislative history would seem to indicate that Congress adopted the savings clause partly to insure no preemption of such claims. The CFTC itself recognizes the role of private lawsuits in combating commodities fraud, and this Court is unable to see how private common law suits such as this could interfere with or obstruct in any way the regulatory scheme embodied in the CEA.

*Id.* Numerous courts have come to the same result. *See, e.g., Kerr v. First Commodity Corp. of Boston,* 735 F.2d 281, 288 (8th Cir.1984) (the continued existence of common law fraud actions does not conflict with regulatory scheme established by the Act); *Kotz v. Bache Halsey Stuart, Inc.,* 685 F.2d 1204, 1207–08 (9th Cir.1982) (retention of common law fraud actions is in no way inconsistent with the scheme for regulation established in the 1974 Act); *United States v. Brien,* 617 F.2d 299, 310 (1st Cir.), *cert. denied,* 446 U.S. 919, 100 S.Ct. 1854, 64 L.Ed.2d 273 (1980) ("While courts have held that the CFTA preempts state regulation of commodity futures, … it has also been held that the CFTA does not preempt state general antifraud statutes."); *Bishop v. Commodity Exchange, Inc.,* 564 F.Supp. 1557, 1563 (S.D.N.Y.1983) ("We have found nothing in the legislative history indicating Congressional concern that state statutes prohibiting fraud in commodity transactions … would hinder uniform application of the CEA."). *See also W & W Farms, Inc. v. Chartered Systems Corp. of New York, Ltd.,* 542 F.Supp. 56, 60 (N.D.Ind.1982); *Witzel v. Chartered Systems Corp. of New York, Ltd.,* 490 F.Supp. 343, 347–48 (D.Minn. 1980). In *Patry v. Rosenthal & Co.,* 534 F.Supp. 545, 550 (D.Kan.1982), the court stated that it was unable to discover any cases holding that state common law claims were preempted by the CEA when they do not conflict with federal law. This court's research indicates that this statement is still true.

The only time that courts have held that a state statute is preempted by the federal statutory scheme is when it conflicts with the federal law. *See, e.g., Paine, Webber, Jackson & Curtis, Inc. v. Conaway,* 515 F.Supp. 202 (N.D.Ala.1981); *State v. Monex International, Ltd.,* 527 S.W.2d 804 (Tex.Civ.App.1975). If a conflict exists between a state regulation and the role of the CFTC, preemption is proper. *Taylor v. Bear Stearns, Co.,* 572 F.Supp. 667, 674 (N.D.Ga.1983). In the instant case, clearly there is no conflict between the state common law remedies and the federal statutory scheme. This court, therefore, holds that the 1974 Act does not preempt state common law causes of action by creating an exclusive remedy.

## II. THE 1982 ACT

On January 11, 1983, Congress passed the Futures Trading Act of 1982, Pub.L. 97–444, which, among other things, responded to the Supreme Court's decision in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982), by providing a private cause of action for violations of the CEA. The defendant argues that several new provisions indicate congressional intent to preempt state causes of action. The court does not find this argument persuasive.

First, section 12(e), 7 U.S.C. § 16(e), does not purport to be an exhaustive list of nonpreempted actions. All three of the listed nonpreempted areas involve criminal prosecutions or administrative sanction-type proceedings, in which the regulations set forth in the Commodity Exchange Act do not apply. None of the three listed nonpreempted areas involves civil private causes of action, and, thus, this section simply means that the remedies provided under this chapter are not applicable in proceedings in which the regulations under this chapter do not apply.

Second, section 22, 7 U.S.C. § 25, provides an exclusive remedy for "rights of action authorized by this subsection." In

other words, section 22 limits only the remedies available for violations pursuant to section 22. *See* 7 U.S.C. § 25(a)(2); 7 U.S.C. § 25(b)(5). Phrases such as "under this chapter" and "of this chapter" indicate Congress' intention to provide that the remedies under section 22 are the only remedies that the *Act* authorizes. Nowhere in the Act, however, does it say that these remedies are the *only* remedies available to a plaintiff.

Finally, the court finds the defendants' arguments about 7 U.S.C. § 18 (reparations proceedings), 7 U.S.C. § 7a(11) (arbitration), and 7 U.S.C. § 13a–2 are without merit.

While the court can find no cases that have specifically addressed the possibility of state remedies under the 1982 Act, two recent law review articles discuss this point. *See* Sackheim, *Parameters of Express Private Rights of Action for Violations of the Commodity Exchange Act*, 28 St. Louis U.L.J. 51, 71–99 (1984); Raisler & Geldermann, *The CFTC's New Reparation Rules*, 40 Bus.Lawyer 537 (1985). Mr. Sackheim indicates that "the exercise of pendent jurisdiction over a state claim in an action where the subject matter jurisdiction is predicated on a federal statute such as the [Commodity Exchange Act] is discretionary with the district court." Sackheim, *supra*, at 96–97, citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). He then states:

> Thus in actions commenced in federal court under the federal commodity laws pursuant to the exclusive grant of jurisdiction as provided for in [7 U.S.C. § 25] of the [Commodity Exchange Act] the district court may, in its discretion, exercise jurisdiction over related state claims and pendent parties under appropriate circumstances.

Sackeim, *supra*, at 98 (footnote omitted); *see generally, id.* at 96–98.

Messrs. Raisler and Geldermann agree with Sackheim when they state, "Among the principal advantages to customers who file an action under [7 U.S.C. § 25] ... [is]

the possibility of asserting pendent state claims, such as common law fraud or violations of state antifraud statutes...." Raisler & Geldermann, *supra*, at 579 (citations omitted).

■ The Supreme Court has indicated that a state law can be preempted in two ways. Congress may intend to occupy a given field or the state law may conflict with federal law. *See Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 104 S.Ct. 615, 621, 78 L.Ed.2d 443 (1984). This court finds that Congress did not intend to occupy the field of commodities law. Congress has legislated a great deal in the area of securities law, but the Securities Act of 1933 and the Securities Exchange Act of 1934, as well as the amendments thereto and rules promulgated thereunder, do not preempt state causes of action in this field. This court will not presume that Congress intended to treat commodities different from securities. The court also can find no instances in which the plaintiff's state law claims conflict with federal law.

The Supreme Court has held that "[p]reemption of state law by federal statute or regulation is not favored 'in the absence of persuasive reasons—either that the nature of the regulated subject matter permits no other conclusion, or that Congress has unmistakably so ordained.'" *Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co.*, 450 U.S. 311, 317, 101 S.Ct. 1124, 1130, 67 L.Ed.2d 258 (1981), quoting *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963).

## III. SUMMARY

In summary, this court holds that the federal commodities laws do not preempt recovery under state law theories by creating an exclusive remedy.