PER CURIAM.
This is an appeal from the dismissal of a complaint because of the lack of state jurisdiction over the claims. At issue on appeal is whether the Commodity Exchange Act (CEA) preempts the Poncys’ common law and statutory actions. We hold that it does not.
The Poncys filed a complaint against Shearson and two of its employees, seeking damages based on common law negligence, common law breach of fiduciary duty and violations of section 517.301, Florida Statutes, an anti-fraud statute. Shearson moved for judgment on the pleadings on the grounds that the trial court lacked subject matter jurisdiction because the Poncys’ claims were preempted by the Commodity Exchange Act (CEA), 7 U.S.C. § 1, et seq.. The trial court agreed and dismissed the complaint for lack of jurisdiction.
Several federal courts have held that the CEA does not abolish common law actions unless their retention would render regulation under its terms ineffective. Kotz v. Bache Halsey Stuart, Inc., 685 F.2d 1204 (9th Cir.1982); Patry v. Rosenthal & Co., 534 F.Supp. 545 (D.Kan.1982). 7 U.S.C. § 2 reads:
Provided, that the commission shall have exclusive jurisdiction, except to the extent otherwise provided in Section 2a of this title, with respect to accounts, agreements ... and transactions involving contracts of sale of a commodity for future delivery ... And provided further, that, except as herein provided, nothing contained in this Section (i) shall supersede or limit the jurisdiction at any time conferred on the Securities and Exchange Commission, or other regulatory authority under the laws of the U.S. or any state, or (ii) restrict the Securities and Exchange Commission and such other authorities from carrying out their duties and responsibilities in accordance with such law....
The trial court determined that the common law actions of negligence and breach of fiduciary duty might conflict with the regulatory scheme set out in the CEA since the CEA addresses the “standards of reasonable conduct” and “duty” of commodity brokers. Despite the possible conflict, however, it has been held that such actions are precluded by the CEA only if it is impossible to comply with both common law and CEA standards of conduct, or if compliance with the common law standards interferes with CEA objectives. See Silkwood v. Kerr McGee Corp., 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984). Other courts have held that common law actions of negligence and breach of fiduciary duty are not inconsistent with the CEA. Kerr v. First Commodity Corp. of Boston, 735 F.2d 281 (8th Cir.1984) preach of fiduciary duty); Mallen v. Merrill Lynch Futures, Inc., 623 F.Supp. 203 (N.D.Ga.1985) (negligence). We agree, and hold that the Pon-cys are not preempted from asserting their common law claims.
Nor do we believe they are preempted from asserting their statutory claim under section 517.301. While the CEA supersedes state legislation on the regulation of commodities transactions, we do not believe it supercedes the enforcement of anti-fraud legislation in regard to commodities transactions. Section 517.301 prohibits fraudulent activities in connection with the offer, purchase or sale of investments or securities. Thus, it does not regulate commodities transactions but only enforces the anti-fraud objectives of the CEA.
In Bishop v. Commodity Exchange, Inc. 564 F.Supp. 1557 (S.D.N.Y.1983), the court noted that immediately after granting Congress exclusive jurisdiction over commodities regulation, the CEA provides “Nothing in this section shall supersede or limit the jurisdiction conferred on the courts of the United States or any State.” The Bishoy court concluded:
In view of the statutory language, amplified by the legislative history and the analogous case law, we conclude that the statute is intended to preempt state and *1198 federal agency regulation of commodities only, while preserving those state rights of action which are adjudicated in state courts.”
Id. at 1564.
We feel that Bishop offers the most logical interpretation of the language in section 2 of the CEA. Otherwise, a plaintiff would be permitted to make a claim of common law fraud but would be prevented from asserting a claim of statutory fraud. See, e.g., Rupert v. Clayton Brokerage Co. of St. Louis, 737 P.2d 1106 (Colo.1987). We do not think that Congress intended such an anomaly. Cf. Messer v. E.F. Hutton & Co., 847 F.2d 673 (11th Cir.1988).
Accordingly, we reverse.
ANSTEAD, LETTS and STONE, JJ., concur.