Saul WILSON d.b.a. Casino Royale,
Plaintiff,

v.

HOLIDAY INN CURACAO N.V.,
Defendant.

Civ. A. No. 69–961–J.

United States District Court,
D. Massachusetts.

Feb. 3, 1971.

Bacon, Weltman & Cohen, Irving D. Labovitz, Springfield, Mass., for plaintiff.

Bulkley, Richardson, Ryan & Burbank, Daniel E. Burbank, Jr., James B. Krumsiek, Springfield, Mass., for defendant.

## OPINION

JULIAN, District Judge.

Plaintiff Saul Wilson, doing business as Casino Royale, brings this action against Holiday Inn Curacao N.V., claiming damages for breach of contract, interference with plaintiff's contractual rights, and abuse of process. Plaintiff alleges that in September, 1968, pursuant to a contract with defendant, the plaintiff initiated the operation of a legally authorized casino within defendant's premises in Curacao, Netherlands, Antilles. Plaintiff alleges further that defendant contracted to furnish hotel, food and beverage, and other related services to plaintiff's business invitees in the casino. Plaintiff claims further that before any payments from plaintiff

to defendant were overdue, defendant wrongfully and maliciously instituted legal action against plaintiff and caused an attachment to be placed upon plaintiff's monies in Curacao and upon plaintiff's bank account in a bank also situated in Curacao. These actions, plaintiff asserts, caused plaintiff to lose his entire business.

Defendant Holiday Inn Curacao N.V. has moved to dismiss, on the ground that defendant is not subject to suit in Massachusetts. The case is considered on defendant's motion to dismiss.

The facts in the case which are relevant to the issue of jurisdiction are undisputed. Plaintiff is a citizen of Massachusetts, and defendant Holiday Inn Curacao N.V. (hereafter the Curacao corporation) is a corporation organized and existing under the laws of the Government of the Division of Curacao, Netherlands, Antilles. The Curacao corporation is a wholly owned subsidiary of Holiday Inns of America, Inc. (hereafter the American corporation), a Tennessee corporation doing business in Massachusetts. The Curacao corporation has no place of business in Massachusetts. However, the parent American corporation, which owns property and operates motel facilities in Massachusetts, accepts reservations and room deposits at its place of business in Massachusetts for lodging at the premises of the Curacao corporation in Curacao. In addition, the American corporation has advertised in behalf of the Curacao corporation in publications which circulate in Massachusetts.

Plaintiff has attempted to invoke jurisdiction in the Federal court by serving defendant in a manner prescribed by Massachusetts state law. See Fed.R. Civ.P. 4(d) (7). Specifically, plaintiff attempted to make service on defendant by delivering in-hand service to one Rosalee Wheeler, an agent in charge of the business of Holiday Inns of America, Inc. (the American corporation) in the American corporation's place of business in Springfield, Massachusetts.

Plaintiff contends that this service was effective because either 1) the Curacao corporation was doing business in Massachusetts through its agent, the American corporation, and service can be maintained on a foreign corporation doing business in Massachusetts under Mass.G.L. c. 223, § 38; *or* 2) even if the Curacao corporation was not doing business in Massachusetts within the meaning of Mass.G.L. c. 223, § 38, the Curacao corporation is nevertheless subject to suit and service in Massachusetts through its agent, the American corporation, by virtue of the recently enacted Massachusetts "long arm" statute. Mass.G.L. c. 223A.

Plaintiff's first argument depends on the interpretation of Chapter 223, section 38, of the Massachusetts General Laws. This section provides, in relevant part:

"In an action against a foreign corporation * * * which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with the provisions of the preceding section relative to service on domestic corporations in general. * * * "

Section 37 of Chapter 223, the preceding section referred to in Section 38, provides in relevant part:

"In an action against a domestic corporation * * * service shall be made upon the president, treasurer, clerk, * * * cashier, secretary, agent or other officer in charge of its business, or, if no such officer is found within the county, upon any member of the corporation."

When plaintiff has made service in a manner prescribed by state law, under the authority of Fed.R.Civ.P. 4(d) (7), the Federal Court must look to state law to determine if the attempted service has been effective. Caso v. Lafayette Radio Electronics Corporation,

1966, 1 Cir., 370 F.2d 707; Pulson v. American Rolling Mill Co., 1948, 1 Cir., 170 F.2d 193. The opinions of the Massachusetts courts which interpret the issue of the exercise of jurisdiction over foreign corporations under Mass.G.L. c. 223, § 38, have been analyzed extensively by the First Circuit in Caso v. Lafayette Radio Electronics Corporation, *supra*. In *Caso,* the Court surveyed in detail the conditions in which Massachusetts courts will assert jurisdiction over foreign corporations under Mass.G.L. c. 223, § 38, and the Court drew the following conclusion:

> "From these cases we derive two propositions about the Supreme Judicial Court's treatment of jurisdiction over foreign corporations: (a) despite the language of Mass.G.L. c. 223, § 38, and despite the court's intimations to the contrary, it has never extended jurisdiction over a corporation whose activities in the state amounted to no more than the constitutionally permissible 'minimum contact'—it has regularly found more than 'mere solicitaion'; (b) even when it has found solicitation plus some other activity, it has not extended jurisdiction when the cause of action did not arise out of the activities in Massachusetts. On the other hand, where the corporation's activities more closely approximated the regular conduct of a domestic corporation—that is to say, where the defendant was clearly 'doing business' in Massachusetts—the court has allowed jurisdiction for a transitory cause of action. Trojan Eng'r Corp. v. Green Mountain Power Corp., 1936, 293 Mass. 377, 200 N.E. 117.

> "We are satisfied that, generally speaking, the Massachusetts courts would assert jurisdiction over a foreign corporation served under section 38: (a) whenever the corporation's activities affect the commerce of Massachusetts substantially so that the state has an interest in regulating the general conduct of those activities ('doing business'), or (b) whenever the corporation's activities in Massachusetts have so affected the particular transaction at issue that it is appropriate to hear the claim in a Massachusetts court. We are not satisfied that jurisdiction would obtain in the absence of both these conditions." (370 F.2d at 711–712.) (Footnote omitted.)

This Court has not found any intimations by the Massachusetts court, in cases decided after *Caso,* that the policy of Massachusetts courts has changed since the First Circuit's analysis in *Caso.*

In the present case, defendant Curacao corporation has a legal and corporate entity which is separate and distinct from that of its parent, the American corporation. This separate entity, though formal, is viable and real. Caso v. Lafayette Radio Electronics Corporation, *supra,* at 712. Defendant Curacao corporation does not have a place of business in Massachusetts. Its parent corporation, the American corporation, does act as its agent in the acceptance of reservations and deposits for lodging. The American corporation also conducts some advertising in behalf of the Curacao corporation. However, no goods or services of the Curacao corporation are delivered or rendered in Massachusetts. Under these circumstances, the activity of the American corporation in Massachusetts as agent for the defendant Curacao corporation is in substance nothing more than solicitation of business. Compare Caso v. Lafayette Radio Electronics Corporation, *supra.*

■ Moreover, the plaintiff's claim against the defendant is wholly unrelated to the solicitation activities of the Curacao corporation in Massachusetts or to the acceptance of reservations or deposits in its behalf in Massachusetts. The claim has no connection whatever with any act or omission attributable to the defendant in Massachusetts. This Court, therefore, has no jurisdiction over the defendant by virtue of Mass.G. L. c. 223, § 38.

Plaintiff's alternative argument is that jurisdiction is conferred by the Massachusetts "long arm" statute. Mass.G.L. c. 223A. The plain words of the relevant section, Mass.G.L. c. 223A, § 3, specify that for the "long arm" statute to confer jurisdiction over a person the cause of action must arise from the person's business or activity in Massachusetts.[1] Singer v. Piaggio & C., 1970, 1 Cir., 420 F.2d 679. In this case, nothing relevant to the plaintiff's claim is alleged to have occurred in Massachusetts. The performance of the contract, the alleged breach, and the subsequent attachment proceedings all occurred in Curacao.[2] The cause of action in no way resulted from anything defendant did or failed to do in Massachusetts. Plaintiff's contention that the "long arm" statute confers jurisdiction over the defendant on this Court is without merit.

I find and rule that the defendant corporation, Holiday Inn Curacao N.V., is not subject to service of process in Massachusetts on the claim asserted in the complaint. The Court has not acquired jurisdiction over the defendant.

The defendant's motion to dismiss is granted, and it is ordered that the complaint be dismissed for want of jurisdiction.

[1] "§ 3.

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury by an act or omission in this commonwealth;

(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

(e) having an interest in, using or possessing real property in this commonwealth; or

(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting."

[2] Plaintiff does not allege, nor is there any evidence to show, that the contract was made in Massachusetts. There are no allegations concerning the place where the contract was made.