Marcia J. ODDI

v.

MARINER–DENVER, INC., d/b/a Holiday Inn of Downtown Denver, Colorado, Inc. and Holiday Inn of America, Inc.

No. IP 78–586–C.

United States District Court,
S. D. Indiana,
Indianapolis Division.

Dec. 5, 1978.

Margaret C. Attridge of Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for plaintiff.

Martha S. Hollingsworth and David O. Tittle, Bingham, Summers, Welsh & Spilman, Indianapolis, Ind., for defendants.

## ORDER

STECKLER, Chief Judge.

This matter is before the Court on the motion of the defendants to dismiss this action because this Court does not have personal jurisdiction over them, or in the alternative, for a change of venue. Fed.R. Civ.P. 12(b)(2). Subject matter jurisdiction is predicated upon diversity of citizenship. 28 U.S.C. § 1332 (1976).

In her complaint, plaintiff alleges that she was a paying guest during September 11–15, 1977, at the Holiday Inn Denver-Downtown which is operated by Mariner-Denver under a license or franchise agreement with Holiday Inn of America, Inc. She claims that the room assigned to her was infested with bed bugs or other insects which bit her causing severe personal injury. She apparently states five causes of

action: (1) breach of implied warranties; (2) breach of explicit warranties; (3) negligence; (4) products liability, and (5) third party beneficiary of a breached contract.

Defendants have not filed their answer, although it was due on November 3, 1978. Defendants have now filed this motion to dismiss. In this motion they note that plaintiff has failed to allege that either defendant has any contact with the State of Indiana. Plaintiff does claim that she chose to stay at the Denver Holiday Inn because of advertising, however, there is no allegation where this advertising took place.

A state long-arm statute may be invoked by a federal court sitting in that jurisdiction under either Fed.R.Civ.P. 4(d)(7) or 4(e). *Great Western United Corp. v. Kidwell,* 577 F.2d 1256, 1266 (5th Cir. 1978); 4 C. Wright & A. Miller, Federal Practice and Procedure § 1068, at 249 (1969).

When plaintiff is seeking to bring a defendant into court under a long-arm statute he must state sufficient facts in the complaint to support a reasonable inference that defendant can be subjected to jurisdiction within the state. *See* 4 C. Wright & A. Miller, Federal Practice and Procedure § 1068, at 250 (1969).

The Indiana long-arm statute is contained in Trial Rule 4.4. That Rule allows a court to obtain jurisdiction over nonresidents in seven situations. Only two sections appear to be possibly relevant here. First, there is jurisdiction if personal injury is caused in this state by an act or omission done outside the state if the defendant engages in a persistent course of conduct in this state. Trial Rule 4.4(A)(3).

This first possible basis of jurisdiction will not suffice. Before jurisdiction can be conferred the Trial Rule notes that the tortious act must have caused personal injury in Indiana. This Rule only gives Indiana jurisdiction over persons causing injury here without being present. Civil Code Study Commission Comments *reprinted in* 1 W. Harvey, Indiana Practice 301 (1969). This did not occur. The injury,

insect bites, was "caused" by the actions or omissions of a Colorado Holiday Inn. An Indiana resident injured in Colorado by a Colorado corporation or a Tennessee corporation, even if they engage in a persistent course of conduct, cannot come into this Court and assert jurisdiction under Trial Rule 4.4(A)(3) over these defendants.

The second possible basis for jurisdiction is whether defendant does "any business in this state." *See* Trial Rule 4.4(A)(1). Obviously, this is a standard which has less than mathematical precision. It should be noted that the Indiana long-arm statute was intended to extend personal jurisdiction of courts sitting in this state, including federal courts, to the limits permitted under the due process clause of the fourteenth amendment. *Valdez v. Ford, Bacon and Davis, Texas, Inc.,* 62 F.R.D. 7, 14 (N.D.Ind.1974). Thus, the usual two-step analysis of first checking if a state statute allows jurisdiction over defendant and then ascertaining whether the state's assertion of jurisdiction accords with due process collapses into a single search for the outer limits of what due process permits. *Forsythe v. Overmyer,* 576 F.2d 779, 782 (9th Cir. 1978).

The limit of this constitutional authority is the fairness of subjecting a defendant to suit in a distant forum. Only if the nonresident defendant has such "minimum contacts" with the state that the maintenance of the suit does not offend traditional notions of fair play and justice, *see Kulko v. Superior Court of California,* 436 U.S. 84, 92, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *Shaffer v. Heitner,* 433 U.S. 186, 203, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), or if the defendant has performed some act by which it purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, *see Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), may the forum, consistent with due process, extend its long-arm to embrace it.

■ The minimum contacts test cannot be formularized. Rather, as Judge Learned Hand noted, the test leaves a court to "step from tuft to tuft across the morass." *See Hutchinson v. Chase & Gilbert,* 45 F.2d 139, 142 (2d Cir. 1930).

There is no doubt that courts have effected a prodigious expansion of state in personam jurisdiction in recent years. However, it would be a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective states. *Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *see generally Kulko v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (held no personal jurisdiction); *Walker v. Newgent,* 583 F.2d 163 (5th Cir. 1978) (no personal jurisdiction); *Hutson v. Fehr Brothers, Inc.,* 584 F.2d 833 (8th Cir. 1978), *cert. denied,* 47 U.S.L.W. 3364 (1978), —— U.S. ——, 99 S.Ct. 573, 58 L.Ed.2d —— (no personal jurisdiction).

■ When a cause of action arises from the defendant's contacts with the forum, less is required to support jurisdiction than when the cause of action is unrelated to those contacts. *Forsythe v. Overmyer,* 576 F.2d 779, 782 (9th Cir. 1978); *Vencedor Mfg. Co., Inc. v. Gougler Industries,* 557 F.2d 886, 889 (1st Cir. 1977); *Tillay v. Idaho Power Co.,* 425 F.Supp. 376, 379 (E.D.Wash. 1976). In fact, if plaintiff's injury does not arise out of an act done in the forum state, then other contacts between the corporation and the state must be fairly extensive before the burden of defending a suit there may be imposed upon it without offending traditional notions of fair play and substantial justice. *Ratliff v. Cooper Laboratories, Inc.,* 444 F.2d 745, 748 (4th Cir.), *cert. denied,* 404 U.S. 948, 92 S.Ct. 271, 30 L.Ed.2d 2652 (1971); *see also Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1287 (9th Cir. 1977). When there is a minimum of contacts, and the cause of action does not arise out of the contacts, there will normally be no basis for jurisdiction. 2 Moore's Federal Practice ¶ 4.41–1[3] at 4–454 (2d ed. 1978).

In the case at bar it is clear plaintiff makes no allegation that defendants' contacts with the State of Indiana form the basis for the cause of action. Thus, the defendants' other ties with this state must be substantial. Defendant Mariner-Denver submitted the affidavit of John Camerson, Secretary-Treasurer of that corporation, which states, although in relatively conclusory terms, that this firm does not regularly do or solicit business or engage in any other persistent course of conduct or derive substantial revenue or benefit from goods, materials or services used or rendered in Indiana. Plaintiff made no response to this; she has not alleged that this Colorado Holiday Inn has substantial contacts with Indiana.

In a similar case, *Bryson v. Northlake Hilton,* 407 F.Supp. 73 (M.D.N.C.1976), the court held that there was no personal jurisdiction. In *Bryson,* plaintiffs, guests at a Georgia motel, sued that motel to recover for injuries sustained when they were allegedly bitten by flea-like insects. Northlake, which held a franchise from Hilton Inn, Inc., moved to dismiss this suit brought in a North Carolina federal court. The court rejected plaintiffs' arguments that jurisdiction attached because Northlake (1) benefitted from the reputation of Hilton franchises in North Carolina; (2) was a part of the network of motels that are covered by the general advertising campaign for all Hilton Inns, and, as such, solicits business in North Carolina; (3) makes use of and is part of the Hilton Reservation Service which is available at Hilton Inns in North Carolina, and (4) brochures advertising Northlake were found in a Hilton Inn in North Carolina. *Id.* at 75.

The court noted that the only direct contact that Northlake might have had with North Carolina was the placing of advertising brochures in the lobby of one Hilton Inn in North Carolina. This degree of solicitation, it held, could hardly be considered

**310**

"substantial." *Id.* at 76 (the court used "substantial" in its meaning as a portion of the state long-arm statute; however, the same conclusion is reached if a state statute, *e. g.,* Indiana, does not include that word since due process requires substantial contacts with a forum state if the cause of action does not arise from those contacts).

Similarly, in *Wilson v. Holiday Inn Curacao N. V.,* 322 F.Supp. 1052 (D.Mass.1971), the court held that it had no personal jurisdiction over the Curacao Holiday Inn where the claim against that firm was wholly unrelated to its solicitation activities or to the acceptance of reservations or deposits in its behalf in Massachusetts. *Id.* at 1054. *But see Frummer v. Hilton Hotels, Inc.,* 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967).

Again in *Scheidt v. Young,* 389 F.2d 58 (3d Cir. 1968) (per curiam), the court held that the minimal contacts that defendant had with the forum state of New Jersey, *e. g.,* advertisements which circulated in New Jersey, a telephone call initiated by plaintiff to defendant, defendant's receipt of a deposit sent from New Jersey, and a visit to New Jersey by defendant's representative after the accident, were not sufficient to make defendant amenable to suit in that state. *Scheidt* concerned a New Jersey plaintiff suing Pennsylvania residents operating a vacation lodge in Pennsylvania.

The clear conclusion is that this Court does not have personal jurisdiction over Denver-Mariner. There was no allegation that it does business in Indiana and the clear weight of authority in similar cases is that a franchisee or licensee is not subject to the jurisdiction of a state merely because another franchisee or licensee of the same name does business in the forum state.

The Court also holds that it has no jurisdiction over Holiday Inn of America, Inc., a Tennessee corporation which also has its principal place of business in that state. There has been no allegation that it does any business in Indiana and the mere fact that it may have subsidiaries, franchisees or licensees in this state does not subject it to the jurisdiction of this state. The general rule is that a foreign parent corporation will not be subjected to a state's jurisdiction merely because of its ownership of a subsidiary corporation doing business within the state. *Cannon Mfg. Co. v. Cudahy Packing Co.,* 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925) (Brandeis, J.); *de Walker v. Pueblo Internat'l, Inc.,* 569 F.2d 1169, 1172 (1st Cir. 1978); 2 Moore's Federal Practice ¶ 4.25[6], at 4-272 (2d ed. 1978). While there are exceptions to this rule, none of them appear relevant here. *See, e. g., Blount v. Peerless Chemicals, Inc.,* 316 F.2d 695, 698 (2d Cir.), *cert. denied,* 375 U.S. 831, 84 S.Ct. 76, 11 L.Ed.2d 62 (1963); *Bland v. Kentucky Fried Chicken Corp.,* 338 F.Supp. 871 (S.D.Tex.1971); 2 Moore's Federal Practice ¶ 4.25[6], at 4-273 (2d ed. 1978).

When in personam jurisdiction is challenged by a motion to dismiss, the burden is with the plaintiff to show the court a basis for the assertion of long-arm jurisdiction. 2 Moore's Federal Practice ¶ 4.41-1[3], at 4-471 (2d ed. 1978). Where a motion to dismiss is filed, supported by affidavit, the nonmoving party may not rest upon allegations in his pleadings but his response by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction. *See Weller v. Cromwell Oil Co., Inc.,* 504 F.2d 927, 929-30 (6th Cir. 1974).

In the case at bar there has been no allegations that defendants do business in Indiana. Further, a review of the relevant authority indicates that in similar cases, courts have held that they do not have personal jurisdiction over the defendants.

By reason of the foregoing, defendants' motion to dismiss for lack of personal jurisdiction is GRANTED.

IT IS SO ORDERED.