Roger D. ALFORD, Plaintiff,

v.

HUNTER MARINE TRANSPORT, INC., Defendant.

No. EV 80-4-C.

United States District Court,
S. D. Indiana,
Evansville Division.

May 30, 1980.

Norman E. Hay, Cannelton, Ind., for plaintiff.

Daniel F. Hewins, Evansville, Ind., for defendant.

## ORDER

BROOKS, District Judge.

This matter comes before the Court on the defendant's motion to quash service of process and motion to dismiss for want of personal jurisdiction. Fed.R.Civ.P. 12(b)(2).

In its motion, the defendant alleges that it is a corporation organized under the laws of the State of Tennessee and is not subject to service of process issued from the United States District Court, Southern District of Indiana. The plaintiff, on the other hand, states that the defendant is subject to service of process from this Court, pursuant to Indiana Rules of Procedure, Trial Rule 4.4(A)(1) and (3).

The sole question before the Court is whether or not the defendant is subject to service of process from the United States District Court, Southern District of Indiana.

In bringing a cause of action before the Court, the burden of proof concerning jurisdiction rests upon the party asserting the existence of jurisdiction. *KVOS, Inc. v. Associated Press,* 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936). This burden is met by a prima facie showing that jurisdiction is conferred by the longarm statute. *United States v. Montreal Trust Co.,* 358 F.2d 239 (2d Cir. 1966); *See* Ind.Rules of Procedure, Trial Rule 4.4. In considering a challenge to its personal jurisdiction, a court may receive and weigh affidavits. *O'Hare International Bank v. Hampton,* 437 F.2d 1173 (7th Cir. 1971). If any conflicts exist in the affidavits and pleadings, such must be resolved in favor of the plaintiff

for the purpose of determining if a prima facie case for *in personam* jurisdiction has been established. *United States Ry. Equip. Co. v. Port Huron & Detroit Ry. Co.*, 495 F.2d 1127 (7th Cir. 1974).

Under Fed.R.Civ.P. 4(f) service of process from this Court may be effected only within the State of Indiana; however, Rule 4(e) provides that service of this Court's process may be had upon a nonresident defendant as authorized by statute or by rule of court. The two provisions in the law of Indiana allowing service of process outside the State of Indiana (i. e. "longarm jurisdiction") are Ind.Code 23–3–3–1 and Indiana T.R. 4.4.

Ind.Code 23–3–3–1, by its express language, only allows actions or proceedings "arising or growing out of, directly or indirectly, any act or thing done by such corporation within the State of Indiana." Such act or thing done gives rise to constructive consent to be sued in Indiana with process to be served upon the Secretary of State. *See Electronic Manufacturing Corporation v. Trion, Inc.*, 205 F.Supp. 842 (S.D.Ind. 1962). The relevant portions of Indiana T.R. 4.4 are somewhat more encompassing:

(A) *Acts serving as a basis for jurisdiction.*

Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

(1) doing any business in this state;

\*   \*   \*   \*   \*   \*

(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

■ In his complaint plaintiff alleges breach of an employment contract with the defendant. The only evidence before this Court concerning the negotiation and execution of said employment contract is that both occurred in Davidson County, Tennessee. *See Affidavit of James R. Hunter.* Consequently, Ind.Code 23–3–3–1 would not provide for service of process upon the defendant because the act complained of did not arise out of any act or thing done in the State of Indiana. The plaintiff, therefore, can only rely upon Indiana T.R. 4.4 for legal service of process upon the defendant.

■ Plaintiff's reliance upon · Indiana T.R. 4.4(A)(3) is wholly unfounded. This Rule can invoke extra-Indiana service of process only if the person or organization served "regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state." Additionally, the Rule refers to tortious acts that cause personal injury or property damage in Indiana. The Rule only gives jurisdiction over persons causing injury here without being present. *Oddi v. Mariner-Denver, Inc.*, 461 F.Supp. 306 (S.D.Ind. 1978). The pleadings and affidavits before the Court show that the plaintiff was a resident of the State of Tennessee both when he negotiated and executed his employment contract with the defendant in Davidson County, Tennessee, and when he terminated his employment with the defendant. Consequently, the alleged injury itself did not occur in Indiana and Indiana T.R. 4.4(A)(3) will not provide a mode for legal service of process upon the defendant.

Plaintiff's reliance upon Indiana Trial Rule 4.4(A)(1) as a possible basis of jurisdiction will not suffice either. This Rule allows the courts sitting in this State, including the federal courts, to extend the personal jurisdiction of such courts to the limits permitted under the due process clause of the fourteenth amendment. *Oddi, supra.*

■ It is the law that "when a cause of action arises from the defendant's contacts with the forum, less is required to support jurisdiction" than if the cause of action arises out of other than the defendant's

contacts with the forum. *Oddi, supra,* at 309. In fact, if there are a minimum of contacts and the cause of action did not arise out of such contacts, there is no basis for jurisdiction. 2 *Moore's Federal Practice* ¶ 4.41–[3] at 4–454 (2d ed. 1978); *Oddi, supra.*

In considering the pleadings and affidavits in the cause before this Court it is obvious that the defendant has very minimal contacts with the State of Indiana. The contacts include certain marine transport on the Ohio River from Indiana ports. The defendant's contacts with Indiana are limited to one customer with an office in Indiana, and orders are placed by said Indiana customer, via phone, to Nashville, Tennessee. The plaintiff's cause of action is in no way associated with this single Indiana customer, and his claim does not arise out of any of the defendant's contacts with the State of Indiana. Furthermore, the plaintiff did not even become a citizen of the State of Indiana until after he left the employ of the defendant. As a result, this Court finds that the defendant was not "doing any business in this state," pursuant to Indiana T.R. 4.4(A)(1), and the Court further finds that the defendant was not and is not subject to service of process from the United States District Court, Southern District of Indiana.

Based on the foregoing, the defendant's motion to dismiss is GRANTED, and return of service is quashed on the ground that the defendant is not subject to service of process from the United States District Court, Southern District of Indiana.

IT IS SO ORDERED.