Ellen E. ELLENSTEIN and Michael A. Ellenstein, Plaintiffs,

v.

S & S GAME PRESERVE, INC., Defendant.

No. EV 83–49–C.

United States District Court, S.D. Indiana, Evansville Division.

Aug. 9, 1983.

Early, Arnold & Ziemer, Evansville, Ind., for plaintiffs.

Fine, Hatfield, Sparrenberger & Fine, Evansville, Ind., for defendant.

## ORDER AND MEMORANDUM

BROOKS, District Judge.

This cause comes before the Court upon the defendant's motion to dismiss for lack of jurisdiction over the person or in the alternative to transfer the action to a more convenient forum, which said motion reads in the following words and figures, to-wit:

### Motion

Comes now the defendant S & S Game Preserves, Inc., by counsel, and herewith files with the court pursuant to Rule 12(b)(2) of Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1404(a) its motion to dismiss the plaintiff's complaint

or to transfer this action to a more convenient forum and, in support of the instant motion, would show the court as follows:

1. That this court lacks personal jurisdiction over the defendant S & S Game Preserve, Inc., as more clearly appears from the defendant's brief in support of the instant motion and from the affidavit of Timothy R. Stull.

2. That in the alternative, venue of the above captioned cause of action more properly lies in and should be transferred to the United States District Court for the Western District of Kentucky, Owensboro Division, for the convenience of the parties and witnesses and in the interests of justice as more clearly appears from the defendant's brief in support of the instant motion and from the affidavit of Timothy R. Stull.

3. Wherefore, the defendant S & S Game Preserve, Inc. respectively moves the court for an order dismissing the plaintiff's complaint or, in the alternative, for an order transferring this action to the United States Court for the Western District of Kentucky, Owensboro Division, for the cost of this action and attorneys fees and for all other just and proper relief.

Signed/Robert C. Mitchell, an Associate in the Law Firm of Fine, Hatfield, Sparenberger & Fine.

The Court has before it defendant's brief, reply brief, and affidavits of Timothy R. Stull as well as plaintiff's brief in opposition and affidavit of Michael A. Ellenstein.

Personal jurisdiction over a non-resident may only be acquired by the application of the Indiana "long-arm" Rule through Rule 4(e) of the Federal Rules of Civil Procedure. To prove the existence of personal jurisdiction and the validity of service on a non-resident defendant the plaintiff must prove (1) that the conduct complained of is included within the long-arm statute of the state and (2) that assertion of jurisdiction would not offend standards of due process, *i.e.* that there are sufficient minimum contacts between the defendant and the state to allow the court to assert jurisdiction without offending traditional notions of fair play and substantial justice. Vol 2 *Moore's Federal Practice*, ¶ 4.41–1[3]; *See, Chulchian v. Franklin*, 392 F.Supp. 203 (S.D.Ind.1975), *Aff'd* 532 F.2d 757 (7th Cir. 1976).

With respect to the first prong of the jurisdictional test enumerated above, the plaintiffs assert that the conduct complained of comes within the Indiana "long-arm" statute pursuant to the provisions of Indiana Trial Rule 4.4(A)(1). Indiana Trial Rule 4.4(A)(1) provides:

*Acts serving as a basis for jurisdiction*
Any person or organization that is a non-resident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent. (1) doing any business in this state.

The following facts are presented from the pleadings and supporting affidavits:

(1) Plaintiffs Ellen and Michael Ellenstein were, at the time of the acts complained of, and are currently residents of Indiana (Ellenstein Affidavit ¶ 1).

(2) Defendant S & S Game Preserve, Inc. is a corporation organized and incorporated in the County of Webster, State of Kentucky with its principal place of business located in Sebree, Kentucky. (Stull Affidavit ¶¶ 3 and 5).

(3) Timothy R. Stull at, the time of the events complained of was, and currently is president of defendant S & S Game Preserve, Inc. (Stull Affidavit ¶ 2).

(4) In the fall of 1981 plaintiff Michael Ellenstein purchased a membership in defendant's organization. (Ellenstein Affidavit ¶¶ 3 and 4; Stull Counter-Affidavit ¶ 1).

(5) The certificate of membership was delivered and payment for the membership was received at plaintiff Michael Ellenstein's office in the City of Evansville, State of Indiana. (Ellenstein Affidavit ¶¶ 4 and 6; Stull Counter-Affidavit ¶ 1).

(6) On two other occasions additional funds were given to either Timothy Stull or another employee of defendant S & S Game Preserve, Inc. by plaintiff Michael Ellenstein at his office in the City of Evansville, State of Indiana. (Ellenstein Affidavit ¶¶ 5 and 7; Stull Counter-Affidavit ¶ 2).

(7) In 1981, brochures relating to defendant S & S Game Preserve, Inc. were provided for distribution in a retail sporting goods store in Evansville, Indiana. (Ellenstein Affidavit ¶ 8; Stull Counter-Affidavit ¶ 4).

(8) In early 1981, for approximately two (2) weeks, defendant S & S Game Preserve, Inc. contracted to have television

commercials broadcast from a television broadcasting station located in Evansville, Indiana. (Ellenstein Affidavit ¶ 9, Stull Counter-Affidavit ¶ 5).

(9) Plaintiff's complaint arises out of the alleged negligent and careless operation of a motor vehicle by defendant's agent or employee, Timothy R. Stull, which occurred in the vicinity of Sebree, Kentucky. (Plaintiffs' Complaint ¶¶ 3 and 4). The parties do not agree as to the nature of the delivery of the membership certificate or the receipt of the money paid for the membership. Nor is there agreement as to how the brochures came to be distributed in Indiana. Plaintiff contends that defendant's actions, that is, the delivery of the certificate and receipt of funds in Indiana, the distribution of brochures in Indiana, and advertising on a broadcasting station located in Indiana are sufficient contacts to establish *in personam* jurisdiction over the defendant. Defendant's position is that the nature of the contacts involved herein do not give rise to the type of reliance upon the rights and privileges granted by Indiana law which would subject him to *in personam* jurisdiction. In addition defendant contends that plaintiffs' cause of action (damages for personal injury) does not arise out of the minimal contacts between the parties.

Indiana Trial Rule 4.4(A), was intended to extend personal jurisdiction of courts sitting in this State, including Federal Courts, to the limits permitted under the Due Process Clause of the fourteenth amendment. *Chulchian, supra.* Due process requires that in order to subject a non-resident defendant to jurisdiction of the forum's court, the defendant must have certain "minimum contacts" with the forum. *International Shoe Company v. Washington,* (1945) 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. Just what constitutes sufficient minimum contacts with a state to allow a court to exercise *in personam* jurisdiction over a non-resident is an issue that must be determined on a case by case basis by considering all of the facts and circumstances of the individual case. Vol. 2 *Moore's Federal Practice,* ¶ 4.25[5]; *see Controlled Metals, Inc. v. Non-Ferous International Corp.,* 410 F.Supp. 339 (E.D. Pa.1976). In the present case, defendant through its agents/employees has had contact with plaintiffs within Indiana such that a court could find that there are sufficient minimum contacts with Indiana so as to subject defendant to *in personam* jurisdiction. Indeed, plaintiffs argue that "defendant's contacts, through Stull, with Ellenstein in the forum, standing alone, would justify the assertion of jurisdiction over the defendant in this action." (Plaintiff's Memorandum In Opposition, p. 7). However, it is the law that more than minimum contacts are required to support jurisdiction when the cause of action does not arise out of those contacts. *Oddi v. Mariner-Denver, Inc.,* 461 F.Supp. 306 (S.D.Ind. 1978). As the court in *Oddi, supra* stated:

When a cause of action arises from the defendant's contacts with the forum, less is required to support jurisdiction than when the cause of action is unrelated to those contacts ... in fact if plaintiffs injury does not arise out of an act done in the forum state, then other contacts between the corporation and the State must be fairly extensive before the burden of defending a suit there may be imposed ... where there is a minimum of contacts, and the cause of action does not arise out of the contacts, there will normally be no basis for jurisdiction.

Id. 461 F.Supp. 306, 309. In considering the pleadings and affidavits in the cause before this Court it is obvious that defendant has minimal contacts with the State of Indiana. It is equally obvious that plaintiffs' cause of action does not arise out of those contacts, but arises out of the alleged negligence of one of defendant's agents/employees in operating a motor vehicle in Kentucky. Thus, the Court finds that there is such an insufficient nexus between the jurisdictional facts and the matter in dispute, that *in personam* jurisdiction over the defendant cannot be found.

However, it is the opinion of the Court that it is not in the best interests of the parties to dismiss this cause of action. Pursuant to Title 28 U.S.C. § 1404, a case may be transferred whether the court in which it was filed had personal jurisdiction over the defendant or not. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Koehring Co. v. Hyde Construction Co.,* 374 F.2d 295 (5th Cir. 1963). Since it appears from the record in this case that defendant is amenable to suit in Kentucky, and that the suit could have originally been brought in Kentucky, the Court finds that in the interest of justice,

to prevent duplication of pleadings and motions, and to avoid any possible problems with the applicable statute of limitations, that this case should be transferred to the United States District Court for the Western District of Kentucky.

Pursuant to the above the Court holds that it lacks jurisdiction over the person of the defendant, however the Court will not dismiss this cause and a transfer to the United States District Court for the Western District of Kentucky is proper. This cause is therefore ORDERED transferred to the United States District Court for the Western District of Kentucky.

IT IS SO ORDERED.