Ethel HEISE, Plaintiff,

v.

OLYMPUS OPTICAL COMPANY, LTD., et al., Defendants.

No. S85–562.

United States District Court,
N.D. Indiana,
South Bend Division.

March 24, 1986.

Saul I. Ruman & Associates by Alfred R. Uzis, Hammond, Ind., for plaintiff.

James H. Pankow, South Bend, Ind., for defendants.

MEMORANDUM and ORDER

MILLER, District Judge.

## I. Introduction; Jurisdiction

This matter is before the court on defendant Olympus Optical Company, Ltd.'s (hereinafter referred to as "OOC, Ltd.) motion to dismiss and on plaintiff Ethel Heise's motion to strike that motion to dismiss. The pertinent filings to present consist of the following:

1. OOC, Ltd. filed a motion to dismiss for insufficiency of process, together with an affidavit of one Mr. Koji Suzuki on November 14, 1985. No memorandum in support of the motion was filed at that time.

2. On January 10, 1986, Ms. Heise filed a memorandum in opposition to defendant's motion to dismiss.

3. On January 14, 1986, OOC, Ltd. filed an amended motion to dismiss and a memorandum in support thereof.

4. On January 31, 1986, Ms. Heise filed an objection and motion to strike defendant's amended motion, and a memorandum in support thereof.

5. OOC, Ltd. filed a response on February 13, 1986.

6. Ms. Heise filed a reply on February 24, 1986.

Both motions are fully briefed and ripe for determination.

The parties have not contested the court's jurisdiction over the subject matter of this suit. Ms. Heise alleges that she is a citizen of the State of Indiana and that neither OOC, Ltd. nor defendant Olympus Corporation of America (hereinafter referred to as "OC/America") are incorporated in or have a principal place of business in Indiana. Pursuant to those allegations, the court would have subject matter jurisdiction under 28 U.S.C. section 1332.

## II. Facts of the Case

This is a suit for personal injury suffered during a physician's use of a medical instrument within Ms. Heise's esophagus. Ms. Heise claims that the instruments, manufactured by OOC, Ltd. and distributed in the United States by its subsidiary, were defective and caused her internal injuries. Ms. Heise sues both the Japanese manufacturer and its American distributor, alleging breach of warranty, negligence, and product liability.

Ms. Heise has named two defendants in this action: OOC, Ltd. and OC/America. OOC, Ltd. is not incorporated in the United States, and probably has its principal place of business in Tokyo, Japan. OC/America is not incorporated in Indiana, and has its principal place of business in New York.

The record before the court contains little information concerning the corporations' contacts with the State of Indiana. The complaint's sole allegation is that during a medical examination of Ms. Heise conducted in LaPorte Hospital, LaPorte, Indiana, on October 7, 1983, a Dr. A.A. Serritella of LaPorte, Indiana, used an endoscope that OOC, Ltd. manufactured and OC/America sold.

The record contains greater information about the relationship between the two defendants. Ms. Heise alleges in her complaint that OC/America is "an American branch, affiliate, or subsidiary of [OOC, Ltd.] formed for the purpose of marketing and distributing products manufactured by [OOC, Ltd.] in the United States of America ..." OC/America admitted in its answer that it "is an American subsidiary or affiliate of" OOC, Ltd.

Mr. Koji Suzuki, in an affidavit filed by OOC, Ltd., claims to be "Group President for Olympus Corporation, Scientific Products Group", and further states that OOC, Ltd. is the "parent company" of OC/America.

Finally, Ms. Heise has submitted several exhibits, the authenticity of which have been unchallenged, concerning the relationship of the two defendants:

(1) The return of service, in which OC/America accepted service for OOC, Ltd.;

(2) The appearance of the same for both corporations;

(3) An advertisement for the Endoscope, produced by OC/America;

(4) The last page of an instruction manual for the Endoscope, produced by OC/America (bearing the logo, "Olympus Tokyo");

(5) A copy of pages of 1985 Moody's International Manual, Volume 2, which lists the offices of Japanese corporation in New York;

(6) A copy of Dynn's Marketing Services, Million Dollar Directory, Series G–O, 1985, stating that OC/America's bank is the Bank of Tokyo, and listing as the President of OC/America one Y. Yoden; the Moody's International Manual lists Yuzuru Yoden as a director of OOC, Ltd.;

(7) A copy of letter from defendants' counsel stating that OC/America will have to obtain discovery materials from Tokyo; and

(8) Plaintiff's inability to find any listing of OC/America's stock either over-the-counter or in any exchange.

Ms. Heise sent copies of the complaint and summons by certified mail to Mr. Koji Suzuki in New York to perfect service on both OOC, Ltd. and OC/America. Mr. Suzuki accepted the mail, but later made an affidavit stating, "to the best of my knowledge and belief, I am not authorized to accept service for the parent [OOC, Ltd.] ... my function is solely limited to the activities and direction of [OC/America's] operation."

### III. Contentions of the Parties

OOC, Ltd. attempts to raise three grounds for dismissal under Rule 12(b): (1) insufficiency of process, (2) insufficiency of

service of process, and (3) lack of jurisdiction over the person.

The original motion to dismiss raised only the first of these grounds; no basis has been presented for this argument. The amended motion raised the second and third bases for dismissal: OOC, Ltd. argues that Mr. Suzuki lacked authority to accept process, and OOC, Ltd. has not been independently served.

Ms. Heise responds that OOC, Ltd. waived its right to raise the issue of *in personam* jurisdiction, that there has been procedural default on the other grounds, and, alternatively, that service of process is sufficient. Ms. Heise contends that OOC, Ltd.'s failure to raise the issue of *in personam* jurisdiction in its original motion to dismiss resulted in a waiver of that defense. Ms. Heise maintains that the attempt to amend the motion had no basis in the procedural rules, and the amended motion should be stricken from the record. Further, as to the original motion, it is subject to summary ruling because no memorandum in support was filed with it (as required by Local Rule 7(b)) and the arguments presented were not clearly expressed (as required by Fed.R.Civ.P. 7(b)(1)).

Ms. Heise also argues that the original motion is subject to summary ruling because no supporting memorandum accompanied it as required by Rule 7(b) of this court's rules,[1] and that the arguments presented were not clearly expressed as required by Fed.R.Civ.P. 7(b)(1).[2] Further, even if the original motion to dismiss raised no issue of sufficiency of process.

Finally, Ms. Heise maintains that service of process on Mr. Suzuki was sufficient on any of three grounds: Mr. Suzuki is an

---

**1.** Rule 7(b) of the Rules of the United States District Court for the Northern District provides in pertinent part:

> Motions to dismiss, to strike, for judgment on the pleadings, for more definite statement, and for summary judgment shall be accompanied by supporting briefs and proof of service upon opposing counsel of record.... Failure to file timely briefs in support of or in answer to the motions covered in this rule shall subject such motions to summary ruling, unless

any other party who has timely filed a brief requests a hearing which may then be granted in the discretion of the court.

**2.** Fed.R.Civ.P. 7(b)(1) provides in pertinent part:

> An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.

agent of OOC, Ltd.; OC/America is the alter-ego of OOC, Ltd.; and notice of service on OC/America, the subsidiary, would be communicated to the parent company, OOC, Ltd.

### IV. Plaintiff's Motion to Strike

■ Ms. Heise moves to strike the defenses first raised by OOC, Ltd.'s amended motion to dismiss on the grounds that because the rules allow no such amendment, the grounds stated in the amended motion are impertinent and immaterial.

Fed.R.Civ.P. 12(f), which governs motions to strike, the court can strike from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter. Fed.R.Civ.P. 7(a) defines "pleadings"; dismissal motions, whether amended or original, are not pleadings. A motion to strike is an improper vehicle for challenging the propriety of motions. *Shires v. Magnovox Co.*, 74 F.R.D. 373 (E.D.Tenn.1977); *Egan v. Pan American World Airways, Inc.*, 62 F.R.D. 710, 712 (S.D.Fla.1974); *Nuccio v. General Host Corp.*, 53 F.R.D. 234, 238 (E.D.La. 1971). Accordingly, the plaintiff's motion to strike is denied.

### V. OOC, Ltd.'s Motion to Dismiss

OOC, Ltd. attempts to raise three of the defenses available under Rule 12(b) in a pre-answer motion to dismiss: (1) lack of jurisdiction over the person of the defendant, (2) insufficiency of process, and (3) insufficiency of service of process. Because each defense raises separate issues of procedure and substance. Thus, the court will address each defense individually.

■ *A. Lack of Jurisdiction Over OOC, Ltd.* Because a court may address no controversies between parties over whom it lacks jurisdiction, lack of jurisdiction over a defendant is a complete defense. A federal court sitting in diversity must look to the law of the state in which it resides on the issue of in personam jurisdiction. Any broader jurisdiction would injure federalism. *International Shoe Co. v.*

*Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1946); *Lakeside Bridge & Steel Co. v. Mountain State Constr. Co.*, 597 F.2d 596, 598 (7th Cir.1979); *Oddi v. Mariner-Denver, Inc.*, 461 F.Supp. 306 (S.D.Ind. 1978).

The traditional *in personam* jurisdiction inquiry involves two steps: the court must (1) investigate the limits of jurisdiction over the person by state rules or statutes, and (2) investigate the constitutional limits of due process. *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe*, 326 U.S. at 310, 66 S.Ct. at 154. This inquiry has been streamlined in Indiana by holdings that Indiana's statutes reach as far as due process will allow. *W & W Farms, Inc. v. Chartered Systems Corp. of New York, Ltd.*, 542 F.Supp. 56 (N.D. Ind.1982); *Alford v. Hunter Marine Transport, Inc.*, 515 F.Supp. 148 (S.D.Ind. 1980); *Oddi*, 461 F.Supp. at 306.

Constitutional analysis focuses upon the sufficiency of the contacts between the non-resident defendant and the forum state. *World-Wide Volkswagen Corp.*, 444 U.S. at 286, 100 S.Ct. at 559; *International Shoe*, 326 U.S. at 310, 66 S.Ct. at 154. Under the unique circumstances of this case, however, the court need not analyze the contacts between OOC, Ltd. and Indiana, because a non-resident defendant can submit itself to the jurisdiction of a federal court by waiving the defense, even absent an independent basis for jurisdiction over the person. *Varone v. Varone*, 392 F.2d 855 (7th Cir.1968); *Tiernan v. Dunn*, 295 F.Supp. 1253 (D.Ri.1969); *Campbell v. Murdock*, 90 F.Supp. 297, 299 (N.D.Oh. 1950); *see U.S. v. Tomasello*, 569 F.Supp. 1 (W.D.N.Y.1983).

Federal Rule of Civil Procedure 12(g) concerns consolidation of defenses in one motion and states, in pertinent part:

A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any

defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted ...

Fed.R.Civ.P. 12(g). Rule 12(h) deals with waiver and states, in pertinent part:

A defense of lack of jurisdiction over the person ... is waived ... if omitted from a motion in the circumstances described in subdivision (g) ...

Fed.R.Civ.P. 12(h). When read together, these subdivisions provide that omission of a 12(b) defense from a motion to dismiss results in waiver of the defense unless the defense was not available to the defendant when the motion was made.

OOC, Ltd. waived its right to assert the defense of lack of personal jurisdiction when it failed to raise it in its motion to dismiss. OOC, Ltd. does not contend that the defense was not available when its original motion to dismiss was filed; instead, it attempts to remedy the omission of this defense by "amending" its motion after Ms. Heise had fully briefed the matter. OOC, Ltd. provides neither legal authority for amendment of a motion, nor any ground that might show excusable neglect.

The court concludes that no authority exists under the rules of procedure for such an amendment. To allow a new defense to be raised through amendment of a motion to dismiss would undermine the purpose of the consolidation and waiver rules, which is the avoidance of time-consuming, piecemeal litigation of pre-trial motions. *Tiernan,* 295 F.Supp. at 1253; *Crest Auto Supplies, Inc. v. Ero Mfg. Co.,* 360 F.2d 896 (7th Cir.1966). By filing a motion to dismiss without raising the issue of jurisdiction over the person, OOC, Ltd. subjected itself to the jurisdiction of this court.

█ *B. Insufficiency of Process.* OOC, Ltd. raised the 12(b) defense of insufficiency of process in its original motion to dismiss. The defense of insufficiency of process differs from insufficiency of service of process: the former challenges the content of a summons; the latter challenges the manner or method of service. *Northland Paper Co. v. Mohawk Tablet Co.,* 271 F.Supp. 763 (S.D.N.Y.1967). The line between these defenses is more difficult to draw when the defendant contends that the wrong party has been served, but the question is one of sufficiency of service of process. *Gkiafis v. Steamship Yiosonas,* 342 F.2d 546 (4th Cir.1965).

The case before the court presents no issue of sufficiency of process; nothing about the summons' content has been raised.

*C. Insufficiency of Service of Process.* If a party fails to perfect service of complaint and summons upon a defendant, the suit is subject to dismissal. Plaintiff has two separate lines of opposition to this defense: (1) waiver for failure to raise the defense in a timely manner, and (2) prima facia proof of sufficient service.

Fed.R.Civ.P. 12(g) and (h), discussed with respect to *in personam* jurisdiction, control the defense of insufficiency of process, which is a 12(b) defense. When read together, those rules require a defendant to consolidate and raise all available 12(b) defenses in a single motion dismiss; any defense omitted or not raised is waived. Recognizing the confusion between the defenses, however, courts have declined strict application of the waiver rule when the defense of insufficiency of process is raised and the matter is more properly considered as an issue of insufficiency of service of process. *Merz v. Hammerle,* 90 F.R.D. 566 (E.D.N.Y.1981); *Citizens League for Civil Rights, Inc. v. Baker,* 464 F.Supp. 1389 (W.D.Wis.1978); *Northland Paper Co.,* 271 F.Supp. at 763; *Sweeney v. Greenwood Index-Journal Co.,* 37 F.Supp. 484, 485 (W.D.S.C.1941). An error in form, not implicating substance, should be overlooked.

█ Based on the foregoing, OOC, Ltd. did not waive the defense of insufficiency of service of process. Although the original motion to dismiss specified only "insufficiency of process", the accompanying affidavit plainly raised the issue of insuffi-

ciency of service of process. Ms. Heise, in fact, addressed the defense of insufficiency of service of process in her response. The failure to name the defense in the motion is solely one of form, and not fatal.

Fed.R.Civ.P. 4(d)(3) mandates that service be made:

> Upon a ... foreign corporation ... by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process ...

Fed.R.Civ.P. 4(d)(3).[3] This rule is intended to bring the defendant notice of the action so that it has reasonable opportunity to appear and defend the suit.

 OOC, Ltd argues that Mr. Suzuki is not an officer, a managing agent, a general agent, or an agent authorized by law to receive service of process upon it. Mr. Suzuki is the Group President of OC/America. Mr. Suzuki is a person whose position is one of sufficient responsibility so that it is reasonable to assume that he would transmit notices to OOC, Ltd. He is a managing or general agent within the meaning of Rule 4(d)(3). *See, Zisman v. Sieger,* 106 F.R.D. 194, 200 (E.D.Ill.1985) (service on foreign corporation accepted by sales assistant in wholly owned subsidiary's office; sufficient); *Lamb v. Volkswagenwerk Aktiengesellschaft,* 104 F.R.D. 95 (S.D.Fla.1985) (in light of degree of control foreign corporation exercised over domestic corporation, court held domestic company the agent for the foreign company's business within the state; service on domestic company sufficient). See also IND.TR.R. 4.6(A)(1); *Union Asbestos & Rubber Co., v. Evans Product Co.,* 328 F.2d 949 (7th Cir.1964). *Waukesha Cutting Tools, Inc. v. New Jersey Life Ins. Co.,* 563 F.Supp. 614, 620 (E.D.Wis.1983);

*Manchester Modes, Inc. v. Lilli Ann Corp.,* 306 F.Supp. 622, 626 (S.D.N.Y.1969).

According to the materials before the court, OOC, Ltd. is the parent company of OC/America; OC/America is a wholly owned subsidiary of OOC, Ltd. Although this parent-subsidiary relationship, standing alone, is insufficient for purpose of jurisdiction, service upon a managing agent of a subsidiary is sufficient under Rule 4(d)(3).

*VI. Conclusion and Order*

It is, therefore, ORDERED that defendant Olympus Optical Co., Ltd.'s motion to dismiss is DENIED. Plaintiff's motion to strike is DENIED. SO ORDERED.

---

3. Fed.R.Civ.P. 4(e) provides for service of process on a non-resident defendant outside of the state of the district court as authorized by state statute or rule of court. Indiana has two provisions that allow for service of process outside the State of Indiana (i.e., "long-arm jurisdiction"). IND.CODE 23–3–3–1; IND.T.R. 4.4. Be-

cause OOC, Ltd., waived its right to contest *in personam* jurisdiction, however, no issues remain under the long-arm statutes have been waived. The sole issue remaining is whether the proper party has been served under Fed.R. Civ.P. 4(d)(3).