**Donnie REED, William Winner, and Robert Heln, et al., Plaintiffs,**

**v.**

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, Local Union No. 663, Local Union No. 499, and Local Union No. 1999, et al., Defendants.**

**Cause No. IP 87–398–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

July 25, 1988.

**1360**

Loren J. Comstock, Indianapolis, Ind., for plaintiffs.

Barry E. Macey, Nora L. Macey, Mark T. Robbins, Siegel & Macey, Indianapolis, Ind., for Union defendants.

Keith E. White, Virginia P. Elliott, Herbert Snyder, Jr., Barnes & Thornburg, Indianapolis, Ind., for defendant General Motors.

## DISMISSAL OF DEFENDANT LOCAL UNION NO. 1999

NOLAND, District Judge.

This cause is before the Court on the defendant Local Union No. 1999's Motion to Dismiss. The Court, having considered the motion, the plaintiffs' motion to strike said motion, and the memoranda in support thereof and in opposition thereto, hereby GRANTS the defendant Local Union No. 1999's Motion to Dismiss.

The plaintiffs filed this action against the defendant unions and defendant General Motors under 29 U.S.C. § 185 (Section 301 of the Labor Management Relations Act) and 28 U.S.C. §§ 2201–2202 (the Declaratory Judgment Act) alleging a breach of a collective bargaining agreement and a breach of the union's duty of fair representation. The plaintiffs' alleged cause of action stems from interpretation of a seniority clause in their collective bargaining agreement and incidents of hiring and rehiring certain workers. The defendant Local Union No. 1999 then filed its Motion to Dismiss pursuant to Rules 12(b)(2) and (4) of the Federal Rules of Civil Procedure, claiming that the Court lacks personal jurisdiction over the defendant and that service of process was insufficient. The plaintiffs moved to strike this motion, arguing that such motion was untimely filed in relation to the defendant's answer. The Court finds that the defendant Local Union No. 1999 properly preserved the defenses it asserts in its answer, and that the plaintiffs' motion to strike is therefore denied.

Turning to the substance of the defendant Local Union No. 1999's motion to dismiss, the Court finds that the Court's opinion in *Harris v. Ford Motor Co., et al.,* —— F.Supp. ——, No. IP 85–1826–C (S.D. Ind.1987), attached to defendant Local Union 1999's motion to dismiss, is instructive and persuasive in the case at bar. The analysis of Indiana long-arm jurisdiction, doing business, minimum contacts, general versus specific jurisdiction and due process of personal jurisdiction in *Harris* is applicable in considering Local 1999's motion to dismiss.

The defendant Local 1999 is based out of and operates fully out of Oklahoma City, Oklahoma. It is therefore to be considered a non-resident of Indiana. The parties agree that officials from Local 1999 visited Indiana on a limited number of occasions to discuss transfer of workers from GM plants in Indiana to Oklahoma. The plain-

tiffs' cause of action concerns the alleged breach of said union's duty of fair representation in failing to file grievances concerning a seniority/rehiring provision.

The Court finds that the defendant Local 1999's contacts are insufficient to establish that it regularly does business in Indiana. Further, the Court finds that the plaintiffs' cause of action does not arise out of the personal visits and contacts with the state which Local 1999 has had in the past, as detailed by the parties' memoranda and affidavits. Therefore, the plaintiffs must show more than minimum contacts to support jurisdiction when the cause does not arise out of those contacts. *Oddi v. Mariner–Denver, Inc.*, 461 F.Supp. 306 at 309 (S.D.Ind.1978), as cited in *Harris.*

In this case the Court finds that the plaintiffs have failed to show such contacts. There is insufficient indication that the defendant Local 1999 could reasonably anticipate being haled into court in Indiana, under the plaintiffs' cause of action, based on the defendant's minimal contacts with the state. Further, the plaintiffs have not shown that the defendant Local 1999 was acting as an agent for its international union. For these reasons, the defendant Local Union No. 1999's motion to dismiss is GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that defendant Local Union No. 1999 is hereby DISMISSED.