John B. CLYBURN, Plaintiff,

v.

NEWS WORLD
COMMUNICATIONS, INC., et al.

Civ. A. No. 86–1149 NHJ/ALB.

United States District Court,
District of Columbia.

July 31, 1987.

Milton Heller, J. Philip Kessel, Washington, D.C., for plaintiff.

Allen Farber, Keith Anderson, Schwalb, Donnenfeld, Bray & Silbert, P.C., Washington, D.C., for defendants.

Herbert Reid, Claude Bailey, Washington, D.C., for non-party deponent Marion S. Barry.

## MEMORANDUM AND ORDER

ARTHUR L. BURNETT, Sr., United States Magistrate.

Before the undersigned United States Magistrate is the motion of the defendant News World Communications, Inc.'s to compel Mayor Marion S. Barry, Jr. to answer further questions upon deposition concerning his alleged social relations with women and his representations about them to the media. The Magistrate has given careful consideration to the opposition filed by counsel for Marion S. Barry, Jr., the opposition filed by the plaintiff, John B. Clyburn, the replies and supplemental memorandum, and the arguments and representations of counsel made at a hearing before the Magistrate on July 7, 1987.

The Magistrate concludes that the motion to compel at this time shall be denied for the following reasons. The principal issue in this alleged libel case is what information the reporters for the Washington Times affirmatively had at the time of the publication of the news stories in April, 1986 that there was a party at John B. Clyburn's North Capitol Street apartment on the night it is alleged that Joanna T. Medina allegedly collapsed and subsequently died of a drug overdose. This centers on the questions as to whether the confidential sources knew of, and had received, information of eyewitnesses to such a party and that high level District of Columbia officials were present at such a party, the reliability of these confidential sources, and how did the confidential sources know the information they related. If this information was totally unreliable and without any factual support, it may become unnecessary to even focus on why the Washington Times did not publish Mayor Barry's denial of attending any such party.

Why the Washington Times did not publish Mayor Barry's denial at this stage of the case does not appear to be the central issue. Indeed, the case may be resolved on issues dealing with the reliability of the alleged confidential sources and the information they related and indeed whether the alleged confidential sources even existed. These may be issues raised and disposed of by motions for either partial or full summary judgment.

These are the paramount issues at this stage of the case. If at a later date it appears that the case must proceed to trial, leave may then be sought to take a further deposition of Mayor Barry if it appears that he will be a witness at the trial and his testimony will be relevant and material. It is important to note that Mayor Marion S. Barry, Jr. is not a party to this litigation, and to allow pursuit of such tangential issues at this stage of the case would be contrary to the spirit and intent of Rule 26(b), second paragraph, F.R.Civ.P. The referenced paragraph places on the court the responsibility to limit the scope of discovery when warranted. Further, under this rationale the court has the power and the discretion to limit discovery to mitigate the possible invasion of privacy of non-party witnesses in a case. Non-party witnesses, even public figures, have privacy rights under the First and Fourth Amendments and the Federal Rules of Civil Procedure. *Westmoreland v. CBS, Inc.*, 584 F.Supp. 1206 (D.D.C.1984). *See also Nixon v. Administrator of General Services*, 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977). Discovery should be limited to the core issues in a case essential to its resolution, *Sharon v. Time, Inc.*, 103 F.R.D. 86, 95 (S.D.N.Y.1984), and this factor weighs even more heavily where privacy interests are implicated.

For the foregoing reasons and based on the judicial precedent cited, it is now hereby this 31st day of July, 1987

ORDERED that the defendant News World Communications Inc.'s motion to compel further discovery from Mayor Marion S. Barry, Jr. be and is hereby DENIED.