Edwards v. USA                          CV-94-182-L    04/18/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

A. Greer Edwards, Jr.


        v.                              #C-94-182-L


United States of America, et al.


## ORDER

Currently before the court is plaintiff's motion for Rule 55(a) entry of default and Rule 55(b) judgment by default against defendants Minorco S.A., Anglo-American Corporation, DeBeers Centenary AG., and DeBeers Consolidated Mines Ltd.  Doc. 24.  For the reasons stated below, the motion is denied.


BACKGROUND

On September 7, 1994, the plaintiff, A.G. Edwards, Jr., filed with this Court an amended complaint (Doc. 8).  In addition to supplementing the original complaint with other causes of action, the amended complaint also named certain supplementary defendants, including Minorco S.A., Anglo-American Corporation, DeBeers Centenary AG., and DeBeers Consolidated Mines Ltd.

Approximately six months have elapsed since plaintiff filed his amended complaint against the aforementioned four defendants. Pursuant to Fed. R. Civ. P. 55(a) plaintiff now requests this court to enter default against the defendants and, pursuant to

Fed. R. Civ. P. 55 (b)(1), enter judgment by default against the four defendants in the sum of $3,460,000.00.

DISCUSSION

Fed. R. Civ. P. 4(f) provides, in pertinent part, that:

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:

(1) by an internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

Further, "Article 3 and 5 of the Hague Convention provide that service is to be effected through the actions of a `Central Authority' of the country in which service is to be achieved." Trask v. Service Merchandise Co., 135 F.R.D. 17, 22 (D.Mass. 1991). The Hague Convention "provides a mechanism by which a plaintiff authorized to serve process under the laws of its country can effect service that will give appropriate notice to the party being sued and will not be objectionable to the country in which that party is served." Pochop v. Toyota Motor Co., 111 F.R.D. 464, 465 (S.D.Miss. 1986).

A cursory scan of the pleadings in the case at hand indicates that plaintiff has not complied with the mandates promulgated under the Hague Convention. Specifically, although

2

plaintiff has submitted a Certification of Service (Doc. 32) in compliance with Fed. R. Civ. P. 15(c), such action falls short of the necessary requirements for perfecting service on the defendant corporations residing outside the borders of the United States.

This court, therefore, denies plaintiff's motion for entry of default and judgment by default (Doc. 24), but affords him forty-five days from the date of this order in which to properly perfect service. See Cooper v. Makita, USA., Inc., 117 F.R.D. 16, 18 (D.Me. 1987) (providing plaintiff additional time to effect proper service where not in compliance with Hague Convention). In facilitating service of process on the foreign defendants, plaintiff may find useful the accompanying National and International Legal Support Handbook.

April 18, 1994

_____
Martin F. Loughlin
Senior Judge

A. Greer Edwards, Jr.
Gretchen Leah Witt, Esq.
Steven P. Quarles, Esq.
Steven M. Gordon, Esq.